## TICONIC BANK *versus* JAMES STACKPOLE.

The certificate of protest, by a notary public, of a dishonored note, contained these words, — "I duly notified James Stackpole, indorser of said note, of said non-payment," — *Held*, that there being no qualification of the word "notified," as to the mode of notice, it must be regarded as having been verbal.

Verbal notice to an indorser, residing in the town where the note is payable, is sufficient.

If, from the whole protest, it appear, that in fact, notice was legally given, the insertion of the word "duly," cannot impair its effect.

ON REPORT from *Nisi Prius*, MAY, J., presiding.

ASSUMPSIT against the defendant as indorser of a note, of which the following is a copy : —

"$1000.                    "Waterville, March 2, 1855.

"Three months from date, for value received, we promise to pay James Stackpole, or order, at Ticonic Bank, one thousand dollars.

(Signed)                    "F. B. Blanchard,
                              "D. L. Stilson."

(Indorsed)    "James Stackpole."

The plea was the general issue; the specification of defence was denial of notice of non-payment.

The plaintiff read the note, and also the copy of the record of protest of said note, by the notary public, under his hand and official seal.

Whereupon the case was withdrawn from the jury, and submitted to the full Court by the agreement of parties, upon the evidence introduced, subject to all legal objections, save any objection to the want of a seal upon the copy of protest, and the Court is to enter such judgment as the law and evidence require, with power to draw the same inferences as a jury might from the evidence.

*J. H. Drummond,* for plaintiffs.

The only question presented by the specifications is, denial of notice of non-payment.

The plaintiffs introduced the copy of the notary's record under his hand and official seal.

By R. S., c. 44, § 6, notaries are required to record all acts, protests, &c., " and all copies or certificates by him granted shall be under his hand and notarial seal, and shall be received as evidence of such transaction."

Also, " the protest of any foreign or inland bill of exchange or promissory note or order duly certified by any notary public under his hand and official seal, shall be legal evidence of the facts stated in said protest as to the notice given to drawer or indorser in any court of law." R. S., c. 44, § 12; *Fales* v. *Wardsworth*, 23 Maine, 553.

The certificate of the notary in this case states, that he presented the note at the place where it was payable, payment was refused, and that he duly notified the defendant the same day of the non-payment.

By the agreement the defendant should be defaulted for the amount of the note and the notary's fees. R. S., c. 44, § 14.

*S. Heath* and *Stackpole*, for defendant.

The only evidence introduced to charge the defendant is the copy of the notarial protest, which was objected to.

It is attempted to hold the respondent upon these words of the notary : — " And on the same day I duly notified James Stackpole, Esq., indorser of said note, of said non-payment."

The certified copy of a notarial protest is made legal evidence of the facts therein stated, R. S., c. 44, § 12; but this is defective in not stating the facts regarding any notice given to defendant. The notary should state what he has done, and the manner in which it has been done. The mode of giving notice should be stated clearly. Without it, his copy can be no evidence of notice. *Bradley* v. *Davis*, 26 Maine, 45.

All the notary has stated is his opinion. He might consider it very proper, in a case like this, to put a notice into the post-office, or send it by some third person, which might never reach the defendant, and call these, or any other modes he might adopt, due notice. The law does not allow him to be the arbiter of what is " due notice." That solely belongs to the Court and jury.

APPLETON, J. — By R. S., c. 44, § 12, it is enacted that "the protest of any foreign or inland bill of exchange or promissory note or order, duly certified by any notary public under his hand and official seal, shall be legal evidence of the facts stated in such protest, and also as to the notice given to the drawer or indorser in any Court of law."

From the protest of the notary public, which by agreement is made part of the case, it appears, that on the last day of grace, having the note in suit, he went to the Ticonic Bank where the same was payable, and presenting the same to the cashier, demanded payment thereof which was refused, the cashier saying there were no funds there to meet it; and that on the *same day* he *duly* notified James Stackpole, Esq., (the defendant,) indorser of said note, of *said* non-payment. The notice to the indorser, so far as regards time, was *duly* made, for it was made on the same day the note was protested.

The indorser was notified of "*said non-payment,*" that is of the non-payment of the note in suit, after presentation at the bank where the note was payable. "A waiver of notice," remarks JOHNSON, J., in *Youngs* v. *Lee*, 2 Kerwan, 554, "was held in *Caddington* v. *Davis*, (1 Coms. 186,) to include demand and all other acts in law necessary to charge an indorser. Upon the same principle, the statement in this notice, dated on the day when the note was payable, must be intended to mean that it had been demanded and payment refused upon the day when it became due." In the present case, the indorser was seasonably notified of all the facts necessary to be communicated to fix his liability.

The protest, which is the language of the notary, is, "I duly notified James Stackpole, indorser of *said* note, of *said* non-payment." It is objected, that it does not appear in what mode the notice was given, as whether it was verbal or written, and reliance is placed by the learned counsel for the defence upon the case of *Bradley* v. *Davis*, 26 Maine, 45, in which WHITMAN, C. J., intimates, if the certificate of the notary were to be taken as conclusive, that it should appear in the protest whether the notice was verbal or in writing,

and, if in writing, how the same was transmitted or where it was left.

In this case there is no qualification of the word "notified," as to the mode of notice. It is the act of the notary, and the notification is to the indorser. In the absence of any qualification, it must be regarded as verbal, and that, as the defendant is a resident of the town where the note was payable, is sufficient.

The exception to the notice arises from the use of the word "duly" as qualifying the word "notified." Had that word been omitted, it is not insisted that the protest would have been defective. But if, from the whole protest, it appear that in fact notice was legally given, the insertion of "duly" cannot affect or impair the legal notice which otherwise the protest fully shows.

The notice was of all the facts required to charge the indorser. It was in due season, and the right of the plaintiffs to recover must be regarded as having been established.

*Defendant defaulted.*

TENNEY, C. J., and RICE, CUTTING, and MAY, J. J., concurred.