M. K. BETTIS *vs.* F. J. SCHREIBER.

December 22, 1883.

**Dismissal after Trial begun.**—The plaintiff in an action is not entitled to dismiss as a matter of right under Gen. St. 1878, c. 66, § 262, subd. 1, after the trial has actually commenced.

**Evidence—Effect of Instrument of Protest.**—Instruments of protest, made evidence by Gen. St. 1878, c. 26, § 8, may include the proper certificate of notice to indorsers, and as such are *prima facie* evidence of the facts therein contained.

**Same—Certificate that Notary "duly notified" the Indorser.**—Where the certificate, included in an instrument of protest executed by a notary of another state, recited that he "duly notified the indorser" of a note of its dishonor, *held* that the same was *prima facie* evidence that the indorser was actually or personally served with the proper notice.

**Same—Effect of Proof of Non-receipt of Notice.**—When, however, it was made to appear in rebuttal that he never in fact received notice, it devolved on the holder of the note to prove the facts showing the exer-

cise of such diligence as the law recognizes as equivalent to actual no-
tice. If the service was in fact made by mail at the actual or reputed
place of residence of the indorser, it should be so made to appear, either
by the notarial certificate or evidence *aliunde.*

Action on three promissory notes, against an indorser, brought in
the district court for Clay county.   On the trial, before *Stearns, J.*,
and a jury, plaintiff introduced in evidence the notes indorsed by de-
fendant, with certificates of protest and notice by a notary in Oil City,
Pennsylvania, where the notes were made and were payable, and
then rested his case.   The certificates, after reciting the presentment,
demand, etc., stated "whereof I duly notified the endorser," and con-
tained nothing more as to any notice given to the defendant.   De-
fendant having testified that at the date of the protests he was living
in Moorhead in this state, and that he never received any notice of
protest, the plaintiff moved to dismiss without prejudice to either
party, which motion the court denied.

The only other evidence introduced was for the purpose of showing
defendant's residence in this state.   The plaintiff requested the court
to charge "that if the jury believe that the notary deposited the no-
tice of dishonor and non-payment in the post-office at Oil City at the
date of the protest of the note, properly enclosed in an envelope and
directed to the defendant to the post-office nearest defendant's resi-
dence and where he received his mail, and paid the postage, such
notice was sufficient," which request the court refused, and plaintiff
excepted.   The court charged the jury that the notarial certificates
were *prima facie* evidence of a personal service of notice upon the
defendant, and "no evidence at all of any other service than a per-
sonal service;" that the testimony of the defendant was evidence in
rebuttal of this *prima facie* evidence; that it was a question for the
jury to determine whether the defendant did receive any personal no-
tice, and that, if the jury believed that the defendant did not receive
personal notice, their verdict must be for the defendant.   Defendant
had a verdict, and plaintiff appeals from an order refusing a new
trial.

*Burnham & Gould, Ira B. Mills* and *W. R. Tillotson,* for appellant.
cited Gen. St. 1878, c. 26, § 7.

*Benedict Howard,* for respondent.

VANDERBURGH, J. After the plaintiff had rested, and one witness had been examined on behalf of the defendant, plaintiff interposed a motion to dismiss the action, which was overruled by the court. The plaintiff bases his right to dismiss upon Gen. St. 1878, *c.* 66, § 262, subd. 1, and insists that the words "before trial," in that section, mean before the submission of the case to the court or jury. But this would evidently do away with any distinction as respects the time for such dismissal by the plaintiff, between subdivisions 1 and 3 of the section.

The words "before trial" mean before the commencement of the trial. *St. Anthony Falls W. P. Co.* v. *King Bridge Co.,* 23 Minn. 186. It was too late, therefore, to dismiss the action as a matter of right under subdivision 1, and it is not claimed that the court erred in not dismissing it under subdivision 3.

2. In order to establish the liability of the defendant as indorser upon the notes sued on, the plaintiff introduced in connection with them certain instruments of protest, purporting to be executed under the hand and seal of a notary residing at Oil City, in the state of Pennsylvania, where the notes were dated, which severally recited the facts, showing proper demand of payment and refusal, whereof, "I" (the notary) "duly notified the indorser." The trial court ruled that the instruments of protest, including the certificate of notice, were properly admissible in evidence, and they were accordingly received. The court also held that the certificate of the notary showing that he duly notified the indorser was *prima facie* evidence that notice was in fact given him personally, and not in any other mode. Thereupon the defendant, being called as a witness, testified that at the time of the indorsement of the notes by him he lived at Allentown, Pennsylvania, several hundred miles from Oil City, where they were protested, and that at the time of the maturity of the first note he was actually residing at Moorhead, in this state; and he denied that he ever had any notice that the notes remained unpaid, until within a short time before this action was commenced. The jury found for the defendant.

Under Gen. St. 1878, c. 26, § 8, instruments of protest of a bill or note, by a notary of this or any other state, are made *prima facie* evidence of the facts therein certified. As instruments of evidence, such protests may properly be held to include the certificate of notice to indorsers usually accompanying them, though it is not expressly so stated in the section referred to. Ordinarily, in practice, the statute would be of very little practical benefit were any other construction adopted. If the fact of notice of demand and refusal must in all cases be proved by depositions or other evidence, the protest also might as well be proved in the same way. *Union Bank* v. *Middlebrook*, 33 Conn. 95; *Rushworth* v. *Moore*, 36 N. H. 188. A rule of evidence is thus created by the statute applicable to such instruments generally, when properly executed by a notary, whether of this or another state. The instrument of protest, including the certificate of notice, was therefore properly received in evidence; the sufficiency and effect thereof remaining for the court to construe. In the absence of any evidence showing the manner of service, we think the ruling of the court sufficiently favorable to the plaintiff, and that no greater effect should be given to the certificate, as evidence, than that the notary intended to certify that the indorser was actually or personally served with the proper notice; so that a *prima facie* case was made by plaintiff when he rested. We are disposed to consider the rule laid down by the trial court a safe and practical one, though liable, perhaps, to some criticism. *Rushworth* v. *Moore, supra; Kase* v. *Getchell*, 21 Pa. St. 503; *Ticonic Bank* v. *Stackpole*, 41 Me. 321; *Pattee* v. *McCrillis*, 53 Me. 410. When, however, it was made to appear that the defendant was never actually notified, it devolved upon the plaintiff to prove the facts (if they exist) showing the exercise of such diligence as the law accepts as equivalent to evidence of actual notice, though such notice may never have been brought home to defendant in fact. 2 Daniel, Neg. Inst. (3d Ed.) §§ 1048–50, 1058a; *Wilson* v. *Richards*, 28 Minn. 337; *Friend* v. *Wilkinson*, 9 Grat. 31. If the service was made by mail at defendant's place of residence, or if the notice was sent to Allentown, his former place of residence, and the holder was ignorant of his change of residence,

and was guilty of no negligence in not knowing it, it would have been sufficient; but plaintiff should have been prepared to show such facts, either by the proper notarial certificate, or by evidence *aliunde.* Bigelow, Bills & Notes, 339, and note.

As the case stands, the order denying a new trial should be affirmed.