ANNIE LEARY AND RICHARD LEARY, HER HUSBAND, DEFENDANTS IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1902—Decided March 9, 1903.

1. Under the "Act concerning juries," approved March 27th, 1874 (*Gen. Stat.*, p. 1852, § 40), and the "Act concerning jurors," approved April 9th, 1902 (*Pamph. L.*, p. 640), the right of peremptory challenge in civil actions must be exercised as the names of the jurors are drawn from the box.
2. The supplement of 1887 to the Jury act of 1874 (*Pamph. L.*, p. 132; *Gen. Stat.*, p. 1855, *pl.* 54), applies only to challenges for cause, and not to peremptory challenges.
3. Where a challenge is permitted "at any time before the juror is actually sworn," it must be interposed before the commencement of the ceremony.

On error to Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *Chauncy H. Beasley.*

For the defendants in error, *Samuel Kalisch.*

The opinion of the court was delivered by

PITNEY, J. It appears from the bill of exceptions that upon the trial of this action, while the clerk was administering the oath to the jury, defendant's counsel interrupted for the purpose of challenging one of the jurymen. The trial judge refused to permit the administration of the oath to be interrupted for that purpose, giving as a reason that the defendant had already interposed three challenges. As the request for leave to challenge was not accompanied by the suggestion of any cause for the proposed challenge, it will be presumed that a peremptory challenge was intended, and it is upon this basis that the cause has been argued in this court, the insistment being that under the act concerning jurors,

approved April 9th, 1902 (*Pamph. L., p.* 640), the defendant was entitled to six peremptory challenges. That act was approved shortly before the trial of this action and took effect immediately. The plaintiff in error further insists that, in view of the supplement of 1887 to the revised act concerning juries, approved March 27th, 1874 (*Pamph. L., p.* 132; *Gen. Stat., p.* 1855, § 54), which provides that "all challenges to jurors for any cause whatever in any kind of a suit, civil or criminal, may be made at any time before the jury is actually sworn," the right of challenge was seasonably asserted in the present case.

In our opinion this contention must be overruled, for two reasons, viz.:

*First.* By the act of 1902 the right of peremptory challenge in civil actions is conditioned upon its being exercised as the names of the jurors are drawn from the box.

At common law there was no right of peremptory challenge in civil actions. *Thomp. & M. Jur.,* §§ 152, 154; 1 *Thomp. Tr.,* § 42; *Creed* v. *Fisher,* 9 *Exch.* 472; 23 *L. J. Exch.* 143; 18 *Jur.* 228; 2 *W. R.* 196; 15 *Eng. Rul. Cas.* 54; *Pearse* v. *Rogers,* 2 *Fost. & F.* 137; *Marsh* v. *Coppock,* 9 *Car. & P.* 480.

What Sir William Blackstone says in 3 *Bl. Com.* 359, 363, concerning the procedure in civil actions, relates wholly to challenges for cause. But in his fourth book (at *p.* 353), in discussing the criminal procedure, he draws the distinction between a challenge for cause and a challenge "without showing any cause at all, which is called a peremptory challenge." See, also, 1 *Bouv. L. D., tit. "Challenge."*

In this state the practice of returning a general panel of jurors at each trial term and of placing their several names, written on separate pieces of paper, into a box, and drawing therefrom a jury of twelve for the trial of a civil action, was given a statutory basis by "An act relative to juries," passed March 9th, 1836. *Pamph. L., p.* 323. This act was repealed, and a somewhat different procedure established on the same general lines by a supplement passed November 9th, 1836, to the act of 1797, relative to juries and verdicts. *Pamph. L.* 1836, *p.* 17.

The right of peremptory challenge in civil causes originated in a supplement passed March 13th, 1844 (*Pamph. L., p.* 236), by which it was enacted that upon the trial of any issue in any civil action in any court except the courts for the trial of small causes and other cases before justices of the peace, each party should be entitled to challenge peremptorily, *as their names were drawn from the box,* six of the general panel of jurors summoned and returned by the sheriff or other officer.

In the revised act of 1846, relative to juries and verdicts, similar provisions were embodied in sections 19, 23 and 24, except that the number of peremptory challenges in civil actions was reduced to three. *Rev. Stat., p.* 965.

When the right of peremptory challenge was extended to civil causes before justices of the peace, in whose courts there was no general panel, the form of the enactment was "that the right of each party in any civil suit to challenge peremptorily three jurors *as their names are called,* be and the same is hereby extended to trials in the courts for the trial of small causes and other actions before justices of the peace." *Pamph. L.* 1869, *p.* 619.

In the revised act concerning juries, approved March 27th, 1874 (*Gen. Stat., p.* 1847), the above provisions of the act of 1846, with respect to the summoning of a general panel and the drawing of a jury therefrom, are substantially reproduced. Section 23 appears in the new revision as section 27. The provisions of the former section 24 and of the supplement of 1869 were made a part of the new section 40, and with them was combined a provision for peremptory challenges upon the trial of indictments for the less serious crimes. Again the privilege of peremptory challenge was required to be exercised "as their names are drawn from the box." By the revised Criminal Procedure act of 1874, approved on the same day with the Jury act just mentioned (*Gen. Stat., p.* 1119), the matter of defendant's right to peremptory challenges upon trial of an indictment for crime of a high grade was taken care of in section 71. Twenty such challenges were allowed, and there was no language requiring them to be

interposed as the names of the jurymen were drawn from the box. Therefore they might, of course, be taken, as at common law, at any time before the swearing of the juror.

By an act approved April 4th, 1878, and probably intended as a supplement to the revised act concerning juries, approved March 27th, 1874 (this, however, is left in doubt by a defect in the title, *Pamph. L.* 1878, *p.* 284), it was enacted that upon the trial of any indictment, where twenty peremptory challenges are not allowed, the defendant shall be entitled to challenge peremptorily, *at any time before the jury is sworn,* six of the general panel, and that upon the trial of any indictment, the attorney-general or prosecutor of the pleas shall be entitled to challenge peremptorily, *at any time before the jurors are sworn,* six of the general panel. This act, if valid (see *Moschell v. State,* 24 *Vroom* 503), had the effect of rendering the practice uniform with respect to the time allowed for interposing the peremptory challenge in criminal cases, irrespective of the grade of the crime.

By a supplement approved April 1st, 1887 (*Pamph. L., p.* 132; *Gen. Stat., p.* 1855), it is enacted "that from and after the passage of this act, all challenges to jurors, *for any cause whatever,* in any kind of a suit, civil or criminal, in all courts of this state, may be made at any time before the juror is actually sworn."

It is this supplement that is invoked by the plaintiff in error in the present case. The act shows on its face, however, that it has reference only to challenges for cause.

The defective act of 1878, just alluded to, and an act of 1891 that was intended in part to supersede it (*Pamph. L.* 1891, *p.* 24), were repealed in 1898 in the revision of the acts relative to criminal procedure. *Pamph. L., p.* 930 (at *p.* 939).

By the revised Criminal Procedure act of that year (*Pamph. L.* 1898, *p.* 896) it is provided in section 80 that upon the trial of certain crimes of a high grade twenty peremptory challenges shall be allowed; and by section 81 it is enacted that in other cases a lesser number of peremptory challenges shall be allowed, and that *challenges in all cases may be made at any time before the jury is sworn.*

In this state of the law the act of 1902 was passed. While it has an independent title—"An act concerning jurors"—it is, of course, *in pari materia* with the Jury act of 1874. It entitled each party in a civil cause "to challenge peremptorily, *as their names are drawn from the box*, six of the general panel of jurors summoned and returned by the sheriff or other officer."

It is entirely clear from the foregoing recital that it was the legislative purpose to grant this right of peremptory challenge in civil cases only upon condition that it be exercised with respect to each individual juror as his name is drawn from the box. The right has been aptly called "a right to *reject* and not a right to *select*." 1 *Thomp. Tr.,* § 43. The existing legislation confers the right in civil cases upon condition that it be exercised, with respect to each juror, before the name of the next juror is drawn from the box.

It is not intended to decide that the opposite party may complain if the challenging party be allowed any longer time than the statute indicates, but only that the challenging party may not complain if he be not allowed a longer time.

The record in the present case sufficiently shows that the challenge was postponed until twelve names had been drawn, and until the oath was being administered to the twelve. It thus conclusively appears that the right of peremptory challenge was not exercised with the promptness that the statute requires, and it was therefore not incumbent upon the trial court to allow the challenge. The fact that the court assigned, as one of its reasons for refusing, the circumstance that three challenges had already been interposed does not detract from the legal validity of the ruling.

*Secondly.* But even did the act of 1887 apply, so as to permit the challenge to be interposed "at any time before the juror is actually sworn," we still think the record discloses no error. We see no reason to doubt the correctness of the rule laid down in the English books that the challenge must be before the oath is commenced, and that the moment the oath is begun it is too late. *Regina* v. *Frost,* 9 *Car. & P.* 129.

In that case it was said the oath is begun by the juror tak-

ing the book, having been directed by the court officer to do so; but if the juror takes the book without authority, neither party wishing to challenge is to be prejudiced thereby. See, also, *Regina* v. *Giorgetti,* 4 *Fost. & F.* 546 (at *p.* 553); *Brunskill* v. *Giles,* 9 *Bing.* 13.

In a Pennsylvania case—*McFadden* v. *Commonwealth,* 23 *Pa. St.* 12 (at *p.* 17)—Chief Justice Black said that the right to challenge for cause "cannot be exercised after the juror has lifted up his right hand or taken the book in obedience to the officer, or after the formula of the affirmation has been commenced." To the same effect is *Commonwealth* v. *Marra,* 8 *Phila.* 440, 443; see, also, 12 *Encycl. Pl. & Pr.* 438, 494.

It is manifest that if any regard is to be had to orderly procedure and the solemnity of the oath itself, all other proceedings in the cause are excluded pending its administration. Any right, therefore, that a party is required to exercise before the jury is sworn must be asserted before the commencement of that ceremony.

The remaining exceptions, so far as discussed in argument, have been examined and found to be unsubstantial.

The judgment will be affirmed.