## PROCTOR v. HARRISON *et al.*

No. 1798.   Opinion Filed May 14, 1912.

Rehearing Denied June 25, 1912.

(125 Pac. 479.)

1.   **FORMER DECISION FOLLOWED.** Same as paragraph 1 of the syllabus in **Welch v. Barnett**, ante, 125 Pac. 472.

2.   **SAME.** Same as paragraph 2 of the syllabus in **Welch v. Barnett**, ante, 125 Pac. 472.

3.   **WILLS—Probate—Appeal—Time for Taking Proceedings.** In trying the contest over the probate of a will, the county judge filed in the cause findings of fact and conclusions of law. Two days later he entered judgment pursuant to these findings and conclusions. Held, the time within which to appeal commenced to run from the entering of the judgment, and not from the filing of the findings of fact and conclusions of law.

Proctor v. Harrison et al.

4. **PLEADING—Objection—Cure by Judgment.** After a pleading has been treated as sufficient in the trial court, the evidence has all been offered, and judgment rendered, it is too late in this court for the first time to raise the question that a denial of the answer is not sufficiently pleaded.

5. **APPEAL AND ERROR—Reception of Evidence—Objection.** The failure of the plaintiff to offer certain evidence cannot avail the defendant in this court, when, without objection to the plaintiff's failure to offer this evidence, the defendant himself offers it.

6. **WILLS—Execution—Indian Will.** Acknowledgment and approval of an Indian will under act of Congress of April 26, 1906, c. 1876, sec. 23, 34 Stat. 145, as amended by act of May 27, 1908, c. 199, sec. 8, 35 St. at L. 315, examined, and held sufficient.

(Syllabus by Ames, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Petition by B. H. Harrison and Lizzie Fatt for the probate of the will of Taylor Foley, and Malinda Proctor objects. From a judgment of the district court in favor of the proponents, the contestant brings error. Affirmed.

This proceeding was commenced in the county court of Hughes county by the filing of a petition by B. H. Harrison and Lizzie Fatt for the probate of the will of one Taylor Foley. Notice of the application being given, Malinda Proctor, claiming to be the widow of Taylor Foley, objected to the probate of the will, on the ground that it was not executed in accordance with law; that Taylor Foley was not of sound mind and disposing memory at the time of the execution of the will; and that it was executed by reason of the fraud, misrepresentation, deceit, and undue influence of B. H. Harrison and Lizzie Fatt, the beneficiaries. The county court rendered its decision in favor of the contestant. On appeal to the district court, the judgment was rendered in favor of the proponents of the will, and the contestant brings the case here by petition in error. Affirmed.

*Lewis C. Lawson* and *James A. Long,* for plaintiff in error.

*J. L. Skinner,* for defendants in error.

Opinion by AMES, C. (after stating the facts as above). The first question argued is that no motion for new trial was

filed in the county court, and that therefore the district court had no jurisdiction to hear the appeal. This identical question has been determined by us in the case of *Welch v. Barnett, ante,* 125 Pac. 472, where we held that no such motion is necessary.

It is next argued that the district court was without jurisdiction, because the appeal was not taken in ten days. This question is raised for the first time in this court; no motion to dismiss the appeal having been presented to the trial court. The point is without merit. The county judge filed in the cause his findings of fact and conclusions of law. Two days later he entered judgment in the cause. The appeal was taken within ten days after the judgment was entered. The argument is made that the findings of fact and conclusions of law, as first filed, were the judgment of the court; but we do not concur in this position.

It is next argued that the denials by the proponents of the allegations of fraud made by the contestants are insufficient. This is a question of pleading. The case was tried in the county court and district court on the pleadings as filed, and no point was raised that the denials were insufficient. No motion for judgment on the pleadings was filed, and the point was not in any way reserved, and is in fact without merit. *San Juan Light & Transit Co. v. Requena,* 224 U. S. 89, 32 Sup. Ct. 399.

At the trial in the county court, the three attesting witnesses were examined. Prior to the trial in the district court, Dick Fatt and Cully Yargee, two of the attesting witnesses, died. On the trial in the district court, the proponents of the will offered the testimony of the living witness, introduced the will, and rested. It is now argued by the contestant that it was necessary for the proponents to offer the testimony of these deceased attesting witnesses as it was given in the county court. Conceding, without deciding, that this position is true, it is of no avail to the contestant, as immediately after the proponents rested the contestant, without demurring to the evidence, offered the testimony of these deceased attesting witnesses, and this testimony was admitted, without objection, and considered by the court.

It is next argued that the acknowledgment of this will before the United States commissioner was insufficient. The act

of April 26, 1906, c. 1876, sec. 23, 34 St. at L.· 145, as amended by the act of May 27, 1908, c. 199, sec. 8, 35 St. at L. 315, is as follows (1909 Supplement to Fed. Stat. Ann. p. 200) :

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States commissioner or a judge of a county court of the state·of Oklahoma."

The acknowledgment taken by the United States commissioner is as follows:

"State . of Oklahoma, County of Hughes—ss.: Be it re-membered, that before me, L. S. Fawcett, a United States commissioner in and for the Eastern District of the State of Oklahoma, duly appointed and acting as such, on this 21st day of July, 1908, personally appeared Taylor Foley, to me known to be the identical person who executed the foregoing instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth, and he stated and declared to me that said instrument was his last will and testament, and that the same was read over to him, and that he fully understood its contents prior to the execution thereof, and said will is now by me approved. In witness whereof, I have hereunto set my hand and official seal the day and year above written. L. S. Fawcett, United States Commissioner for the Eastern District of the State of Oklahoma."

It is not necessary to say anything further concerning this position, as it is so manifest that the acknowledgment comes within the purpose of the statute that argument cannot make it clearer.

It is next argued that the proof did not show that the testator declared to the attesting witnesses that the instrument was his last will and testament. On this point counsel for both sides have overlooked the following testimony of a witness who was present when the will was executed, and who testified to the manner of its execution:

"Q. How long after that before the other witnesses came in? A. He asked me where the other two boys were, and he

said, 'Call them in;' and they were called, and he said, "This is my last will, and I want you to witness it.' "

It is argued at great length that the evidence shows fraud in the procurement of the will. We have examined the evidence with care, and some of it tends to establish fraud, while some of it tends to establish the absence of fraud. The case was tried without a jury. The court found the issue in favor of the proponents, and we are not able to say that there was no evidence reasonably tending to support his finding.

We have examined the objections to the rulings of the court on the introduction of evidence, and have read all the evidence in the case. It would accomplish no useful purpose to set out these objections *seriatim*. None of them involves any new or. interesting or uncertain rules of evidence; and it is sufficient to say that, in our opinion, the trial court committed no reversible error in his rulings.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.'