GEORGE J. WOLF COMPANY, APPELLANT, v. FULTON REALTY COMPANY, RESPONDENT.

Argued June 5, 1912—Decided November 11, 1912.

Upon a trial before a District Court judge without a jury, the plaintiff has no right to submit to a voluntary nonsuit after the judge has begun to announce his decision.

On appeal from the First District Court of Jersey City.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the appellant, *Louis G. Morten* (*Melosh & Morten*, on the brief).

For the respondent, *Henry Ewald*.

The opinion of the court was delivered by

SWAYZE, J.   The District Court judge was justified in finding as a fact that Drayton had no authority to make the contract on behalf of the defendant, and we cannot review his finding.

The question whether the plaintiff was entitled as of right to submit to a voluntary nonsuit after the judge had begun to announce his decision is novel. We have held that the provision of the Practice act prohibiting a voluntary non-suit after the jury have gone from the bar to consider of their verdict is applicable to District Courts. *Greenfield* v. *Cary,* 41 *Vroom* 613. The act does not, in terms, apply to a case tried before the court without a jury, but, on the other hand, there is no common law practice authorizing a voluntary non-suit after the case has been submitted to the trial judge for decision without a jury. We think the orderly conduct of the trial, however, requires that the trial judge should not be interrupted after he has begun to announce the result. The case is closely analogous to one where the trial judge has directed the jury to render a verdict for the defendant, but the verdict has not in fact been rendered; in that situation the plaintiff has no right to submit to a nonsuit. *Dobkin* v. *Dittmers,* 47 *Id.* 235. A somewhat similar case is *Leary* v. *North Jersey Street Railway Co.,* 40 *Id.* 67. It was there held that a challenge to a juror was not permissible after the administration of the oath had actually begun. The result is that there was no error in the action of the trial judge and the judgment is affirmed, with costs.