McALISTER v. HARVEY et al.    (No. 11600.)

(Court of Civil Appeals of Texas. Fort Worth.
June 5, 1926.)

**Dismissal and nonsuit** &wkey;7(2).

Under Vernon's Ann. Civ. St. 1925, art. 2182, refusal to permit plaintiff to take nonsuit after court's indication that he considered demurrer to evidence well taken and before rendering judgment *held* erroneous.

Appeal from District Court, Archer County; H. R. Wilson, Judge.

Suit by O., H. McAlister against James I. Harvey and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Bishop & Lantz, of Wichita Falls, for appellant.

Kenley, Dawson & Holliday, of Wichita Falls, for appellees.

BUCK, J. O. H. McAlister sued James I. Harvey and six others in the form of trespass to try title to a one-sixteenth undivided mineral leasehold interest in 5 acres out of 70 acres out of the Thomas McCoy survey and S. P. Hardaway survey, in Archer county.

Issues were joined, and the controversy finally narrowed down to an issue between McAlister and Harvey, the other parties being shown not to have any interest in the land, or the lease thereon.

A trial was had before the court, in which it was admitted that Harvey held title to an undivided three-sixteenths working interest in the oil and gas lease on the 5-acre tract described in plaintiff's petition, and that plaintiff was asserting claim to an undivided one-sixteenth working interest in said oil and gas lease, as against Harvey. He claimed this interest by reason of an alleged parol agreement had with the defendant Harvey. It was agreed between the attorneys for plaintiff and defendant that in the event said plaintiff's right was established that he should recover his undivided one-sixteenth interest out of the interest then held by Harvey, and that the trial should proceed with the requirement only on the part of plaintiff to make proof of said parol agreement and consideration for the same, and proof of any and all other facts relative to the title of Harvey was waived by the defendants, and that the cause should be dismissed by plaintiff as to all other defendants save Harvey.

Evidence was heard, and the plaintiff rested. The defendant demurred to the evidence of plaintiff and asked the court to render judgment for the defendant. After argument of counsel had been had, the court stated, in substance, as follows:

"I have been very much impressed with the testimony as given on behalf of the plaintiff, and especially do I believe the tesitmony given by plaintiff himself. But taking the testimony all in all, there is a great doubt in my mind as to whether or not plaintiff has established his cause. I am familiar with many authorities on this subject, and from the rule laid down in Minchew v. Murphy and earlier cases (citing other cases) I believe that the tendency of the courts is against permitting recovery under evidence of this nature. It seems that the courts now believe that some of the cases have gone too far in permitting recovery."

"And the court then indicated that he considered the demurrer well taken, at which time counsel for plaintiff asked permission to take a nonsuit and the court refused to grant him same and thereafter stated that he would render judgment for defendant, and reaching for his docket, made such entry on same."

The plaintiff excepted to the order and judgment and has appealed.

The only question raised in his brief is that the trial court erred, under the circumstances shown, in refusing and failing to give him the right to withdraw his announcement of ready and to take a nonsuit.

Vernon's Ann. Tex. Civ. Statutes 1925, art. 2182 [article 1955, 1914], provides that—

"Any time before the jury has retired, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such nonsuit may be taken at any time before the decision is announced."

This article of the statute has been construed a number of times. Perhaps the leading case is Kidd v. McCracken, 105 Tex. 383, 150 S. W. 885. See, also, opinion of this court in 63 Tex. Civ. App. 463, 134 S. W. 839. In that case the facts as shown in the bill of exceptions were as follows:

"Be it remembered that on the trial of this cause, a jury having been waived and the matters of fact as well as of law having been submitted to the court, on the afternoon of the 18th day of November, A. D. 1909, after the evidence was all in, and after the argument of counsel had been concluded, the court announced that it would take the matter under advisement and render his decision on the following morning. And be it remembered that on the following morning, to wit, on the 19th day of November, A. D. 1909, when court was called, the plaintiff C. O. Kidd, requested and was granted permission to submit some further remarks. And be it further remembered that at the conclusion of said Kidd's remarks the court made the following statement, viz.: 'I do not think there can be any question from the evidence but that John McCracken came down here as the agent of Joe McCracken (defendant) to buy the property in question; so the only question in the case in my mind is as to whether the instrument in controversy was intended as a mortgage or as an outright sale. I do not believe that the decisions, wherein it is said that the proof, in order to set aside a deed, must be

clear and satisfactory, places on plaintiffs a greater burden than to prove by a preponderance of the evidence that the deed was intended and understood by the parties to be a mortgage. I think the language to that effect in some of the decisions means in the light of the decisions read by Mr. Hood, that it must be clear to the court that the preponderance of the evidence is in plaintiffs' favor, and it is not clear to my mind that the preponderance of the evidence is in favor of the plaintiffs' contention that the instrument was a mortgage. It is true the plaintiffs have one more witness than the defendant in favor of the instrument's being a mortgage but all the written testimony in the case bears out the contention of the defendant. And I admitted certain testimony conditionally; that is, I stated that I would hear it, and announce my ruling later as to whether I would consider it or not. I will have the stenographer come in and have him take down my ruling in regard to this testimony.' And be it further remembered that at this point counsel for plaintiffs moved the court to permit plaintiffs to withdraw their announcement of ready for trial and take a nonsuit, which request of plaintiffs' counsel was refused by the court, and the court proceeded then and there to announce his findings and decision and to render judgment on the whole case, to wit, that plaintiffs take nothing and that defendants go hence without day and recover their costs; and be it further remembered that in said cause said defendants, nor either of them, had sought or asked for affirmative relief; and be it further remembered that when plaintiffs' counsel moved the court to permit plaintiffs to withdraw their announcement of ready for trial and take a nonsuit the court had not announced its decision, except as above set out."

The court disposed of the matter in the following words:

"From the foregoing statement it is clear to our minds that at the time plaintiffs asked to take a nonsuit the court had not announced his decision. If this is true, then it was plaintiffs' right, secured by the statute above quoted, to have their case nonsuited. It seems to us to be immaterial to the exercise of the right to take a nonsuit that the plaintiff is made aware of the court's view of the case from the expression of the court's opinion, or from any other source. Such knowledge may serve as the vital reason why the party desires to get his case out of court. His information of how the court will decide cannot affect the plaintiff's right to a nonsuit, where the decision has not been announced. The statute is plain upon the subject, and we think does not mean that the plaintiff is denied the right to a nonsuit where he gathers from the opinion of the court in discussing the case what his decision will be. That is not the language, nor is it the meaning of the law. There is a wide and well-recognized legal difference between the 'opinion' and the 'decision' of a court. The strongest case that can be made against plaintiffs under the un-disputed facts is that the court in discussing the evidence and the law expressed an opinion that would lead naturally to the conclusion that he intended at the proper time to decide the case adversely to plaintiffs. However, the time had not arrived for him to announce his decision, for he had yet to pass upon the admissibility of certain testimony that had been admitted conditionally, and his decision of the case upon its merits was yet suspended. The word, 'decision,' as used in the statute, means the court's judgment, which is made a part of the record immediately upon its rendition, but the court's opinion of the different phases of the case is nothing more than an expression of the judge's views. In the case at bar the judge at the time the nonsuit was demanded had done nothing more than to express his opinion of the case. He had not announced his decision or judgment.

"For a discussion of the legal distinction between the words, 'decision' and 'opinion,' upon which we rely, see 13 Cyc. 427; 2 Words & Phrases [First Series] p. 1901; Craig v. Bennett, 158 Ind. 9, 62 N. E. 273; Houston v. Williams, 13 Cal. 24, 73 Am. Dec. 565; Coffey v. Gamble, 117 Iowa, 545, 91 N. W. 813; In re Winslow's Estate, 12 Misc. Rep. 254, 34 N. Y. S. 637.

"We are clearly of the opinion that the trial court should have permitted plaintiffs to have taken their nonsuit in compliance with their request, and that in the denial of that right a substantial injury has resulted to them. For the reasons above indicated, the judgments of the Court of Civil Appeals and the trial court will be reversed, and the cause remanded for further proceedings; and it is accordingly so ordered."

See, also, Weil v. Abeel, 206 S. W. 735, by the Austin Court of Civil Appeals.

We think that the trial court erred in not granting the plaintiff below the right to withdraw his announcement of ready and take a nonsuit. The defendants had not asked for any affirmative relief, and we do not believe that the court had rendered any decision at the time the request for a nonsuit was made and denied. See El Paso & S. W. Ry. Co. v. Riddle (C. C. A.) 294 F. 892; El Paso & S. W. Ry. Co. v. Riddle (D. C.) 287 F. 173; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427; First Natl. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719, affirming judgment of the Court of Civil Appeals 232 S. W. 918.

It becomes our duty to render the judgment which in our opinion the trial court should have rendered. Therefore, the judgment of the trial court is reversed, and plaintiff below and plaintiff in error here is permitted to take a nonsuit. The costs of appeal will be adjudged against the defendant in error Harvey, while the costs of the trial court will be adjudged against the plaintiff in error.