### CORDER v. CORDER et al.

#### No. 4414.

Court of Civil Appeals of Texas. El Paso.

April 12, 1945.

Rehearing Denied May 3, 1945.

Morriss & Morriss, of San Antonio, for appellant.

Roger Thurmond (on appeal), of Del Rio, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Terrell County.

Appellant, as plaintiff, brought suit against Ethel Corder and her four minor children, as the widow and heirs of a deceased son of plaintiff, to establish and enforce an oral trust in the oil, gas and mineral rights in and under 8,708.3 acres of land in Pecos and Terrell Counties, Texas, which lands are described in his petition. The minor defendants, through a guardian ad litem appointed by the court, answered with a general denial. The trial was to the court and judgment for the defendants, from which the plaintiff has appealed. Pending the appeal, the guardian ad litem for the minor defendants died and the trial court appointed another guardian ad litem. This court set aside the first submission of the cause and the succeeding guardian ad litem has filed a brief herein. This court has ratified and approved the appointment of the succeeding guardian ad litem by the trial court.

Three points of error are urged by the plaintiff. These are: That the court erred in denying him a non-suit; that the undisputed evidence establishes a trust and the court should have entered judgment accordingly; that the finding and judgment of the court is contrary to and against the overwhelming weight of the evidence.

If the court erred in denying plaintiff's application for a non-suit, the other grounds of error are immaterial. Hence that point will be first discussed.

■ The only witness relied upon to establish a trust was plaintiff's wife. The record discloses that after the close of the testimony, an argument ensued over the admissibility of the wife's testimony. At the conclusion of the argument, the court overruled the objection and admitted all her testimony, but stated:

"Frankly, I am not at all satisfied with the testimony in the case and I am going to enter * * *."

At that point, appellant's counsel interrupted the court and stated appellant would like to withdraw his announcement of "ready" and asked to take a non-suit. After a colloquy between the court and counsel, in which the court stated that it would not permit the non-suit when judgment was being announced, the court then denied said motion for a non-suit and thereupon for the first time announced the judgment as being against plaintiff denying the relief sought and rendering judgment for defendants with recovery of costs. The right to take a non-suit is governed by Rule 164, Texas Rules of Civil Procedure. This rule provides:

"At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be

taken at any time before the decision is announced."

This rule was taken unchanged from R. C. S. Art. 2182. The decisions as to Article 2182, of course, govern the interpretation of the rule.

The question here is: Did appellant move for a non-suit before the decision was announced? In our opinion, the words used in the rule "before the decision is announced" mean before the judgment is rendered. Rendition of a judgment is its announcement in open court. Here the inference is warranted that the trial court had commenced the announcement of the judgment. Before the announcement was completed, appellant moved for a non-suit.

Rendering a judgment is the announcement thereof. A judgment is not rendered until it has been completely announced. Kidd v. McCracken, 105 Tex. 383, 150 S.W. 885; Texas Electric Ry. Co. v. Cox, Tex.Com.App., 49 S.W.2d 725, 89 A.L.R. 11; Adams v. St. Louis Southwestern Ry. Co., Tex.Civ.App., 137 S.W. 437, 438; Humphrey v. Humphrey, Tex. Civ.App., 263 S.W. 957; Odum v. Peeler, Tex.Civ.App., 278 S.W. 884, 885; McAlister v. Harvey, Tex.Civ.App., 286 S.W. 548; Houston & T. R. C. Co. v. McDade, Tex. Civ.App., 295 S.W. 318; Osterritter et ux v. Board, Tex.Civ.App., 91 S.W.2d 750.

It may be that if the rule were that the motion must be presented before the court commences to announce its decision, that the non-suit might be taken, it would tend to bring about a more orderly procedure. This, however, is not an admissible construction of the rule in our opinion under the authorities above cited. It is a right conferred by the rule to take a non-suit in accordance therewith. The decisions of this state indicate that the rule should be liberally construed to effectuate that right. Weil v. Abeel, Tex.Civ.App., 206 S.W. 736.

Here the court seems to have ruled as to the admissibility of plaintiff's wife's testimony and in the same breath started to announce the judgment of the court on the entire case. Counsel for plaintiff may have been under the impression that the time for the announcement of the decision had not arrived. If plaintiff had so requested the trial court would have probably awarded the privilege of argument on the facts.

It is ordered that the judgment of the court in favor of defendant be re-versed and remanded to the trial court with instructions to enter a judgment sustaining appellant's motion for a non-suit without prejudice.

SUTTON, Justice (dissenting).

I am unable to agree the record in this case secures to the plaintiff the right under the rule to a non-suit. I think a similar statement of facts has never yet reached the courts.

The rule does not say at any time before the decision has been fully and finally announced, nor that the non-suit may be taken concurrently or simultaneously with the announcement but it says "before." Announce or announced is defined to mean to give public notice of; to publish; to pronounce; to declare by judicial sentence, Webster's New International Dictionary. "Before" means in advance of; earlier than; preceding in time; previously to; in advance of; previous to the time of; sooner than. Same authority. In a very similar statute which provides the non-suit may be taken at any time before trial, it was held to mean before the commencement of the trial and not before the conclusion of the trial. Empire Ranch & Cattle Co. v. Herrick et al., 22 Colo.App. 394, 124 P. 748. The same holding is found in Bettis v. Schreiber, 31 Minn. 329, 17 N.W. 863. In the prior removal statutes which required a petition to remove be filed "before the trial" and "before the trial or final hearing," it was held those provisions mean before the trial or final hearing are begun in good faith. Jifkins v. Sweester, 102 U. S. 177, 26 L.Ed. 129.

Certainly one object of the Rules is to secure order and decorum in the trial of cases at all their stages and not disorder and confusion. This writer is not ready yet to attribute to the rule making power the purpose to make a mockery of court room procedure. Here only three or four words were required to complete the announcement of the decision such as "judgment for defendants" or "against plaintiff." Counsel frankly admits he at this stage of the announcement "interrupted" the court. Where is the dignity of the court if he must yield the floor at any point in the course of his announcement to counsel or race with him to the end to determine who can say it first? What a public performance and spectacle!

It seems to the writer no case has gone so far as yet. The cases cited by appellant

and by the majority are thought not to be in point on the facts. In Kidd v. McCracken; Texas Electric Ry. Co. v. Cox; Odum v. Peeler; and McAlister v. Harvey, there had been no announcement nor the commencement of any by the court. In Adams v. St. Louis Southwestern Ry. Co., the court had merely made a preliminary statement of what his decision would be. Humphrey v. Humphrey, was a case in which the court exercised his discretion, which has been many times held to be proper. In Houston & T. R. C. Co. v. McDade, there had been no announcement in open court, but an announcement in chambers as to what the court would do and was preparing to do. It was also the exercise of discretion. And in the case of Osterritter et ux v. Board, there had been a mere "indication" of the court's opinion as to what the judgment should be.

It follows of course, in my humble opinion, the judgment should on this point be affirmed.

## On Rehearing.

SUTTON, Justice.

It seems to this writer the interpretation of the Rule by the majority opens the way for so easy an interruption and destruction of decorum and dignified procedure in the public trial of causes and is so serious in its nature and results, the writer cannot refrain from adding some further authorities thought to be in support of the interpretation made in the dissent.

The Supreme Court of New Jersey in the case of Wolf Co. v. Fulton Realty Co., 83 N.J.L. 344, 84 A. 1041, had under consideration the plaintiff's right to non-suit after the trial judge had commenced to announce his decision. They had no statute covering the trial before the court without a jury but discussed the common law rule and said:

"We think the orderly conduct of the trial, however, requires that the trial judge should not be interrupted after he has begun to announce the result."

The court stated it regarded the situation analogous to the challenge of jurors under the statute and cited the case of Leary et al. v. North Jersey St. Ry. Co., 69 N.J.L. 67, 54 A. 527, by the same court. The statute there under consideration was:

"All challenges to jurors for any cause whatever in any kind of a suit, civil or criminal, may be made at any time before the jury is actually sworn." Gen.St.N.J. 1895, p. 1855, § 54.

The challenge was sought to be made after the Clerk had caused the jurors to hold up their hands to be sworn. The court said:

"It is manifest that, if any regard is to be had to orderly procedure and the solemnity of the oath itself, all other proceedings in the cause are excluded pending its administration. Any right, therefore, that a party is required to exercise before the jury is sworn, must be asserted before the commencement of that ceremony."

It is thought this statute is in no material respect different from our non-suit statute and rule. It will be noted the provision there is "before the jury is actually sworn."

Under an Indiana statute which permitted a plaintiff to non-suit where the trial is before the court "at any time before the finding of the court is announced", 2 R. S. 120, the Supreme Court held in the case of Livergood v. Rhoades, 20 Ind. 411, where the trial court had announced there was no liability as against a surety and judgment would be in his favor and was proceeding to announce his decision as against the principal, a motion to non-suit at that stage came too late.

The Illinois non-suit statute, Ill.Rev.Stat. 1943, c. 37, § 385, is:

"Every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the trial is before the court without a jury, states its finding."

Under this statute in Fine v. Fox, 211 Ill. App. 579, it is said:

"A request for a nonsuit made after the court has stated, in substance, what its finding will be and after it has commenced its formal announcement of its finding, comes too late."

Thus in every case under a similar situation, so far as the writer has been able to find, all courts have held the motion or action comes too late after the commencement of the announcement, etc.

It follows, of course, in my opinion the motion should be granted.