BARRETT v. BARRETT.

No. 35368.   Oct. 14, 1952.

*249 P. 2d 88.*

"(a) (real estate)
"(b) (real estate)
"(c) (furniture)
"(d) (furniture)
"(e) The sum of $1500.00 in cash."

The court clerk failed to enter and record the judgment, so rendered, in the judgment docket. No appeal was taken from the judgment.

On April 23, 1951, by filing her praecipe, the plaintiff caused an execution to issue, reciting the recovery of a judgment against the defendant for the sum of $1,500. A motion to quash the execution was filed. Plaintiff then filed her motion to recall the execution and also filed a motion to require the clerk to enter the judgment of October 16, 1950, on the judgment docket. Both motions were sustained by order dated June 14, 1951. Defendant objected to the motion to enter the judgment on the judgment docket on the grounds that the decree approving the property settlement did not constitute a judgment for the payment of money. The cause was continued to June 25, 1951, when after hearing additional argument the court ordered that the order of June 14, 1951, should stand as made. From this order defendant prosecuted this appeal.

Defendant says that the property settlement agreement settled all of the property rights between the parties and that the approval by the court resulted in the withdrawal of the issues of property rights from the consideration of the court. The only authorities cited in support of this contention are brief quotations from Freeman on Judgments (5th Ed.) vol. 2, which are not in point. Defendant's contention is not in conformity with the law of Oklahoma.

In this state, if the parties agree upon a division of property and the court finds that such agreement is fair and reasonable, the same may be approved. Wheeler v. Wheeler, 167 Okla. 598, 32 P. 2d 305. But such agreement may be set aside if found unfair or unreasonable. Dresser v. Dresser, 164 Okla. 94, 22 P. 2d 1012. The court is

Chas. E. Jackson, Pauls Valley, for plaintiff in error.

Cicero I. Murray, Lindsay, for defendant in error.

GIBSON, J. This is a divorce action and in this opinion the parties will be referred to as they appeared in the trial court. Plaintiff in error was defendant.

On October 16, 1950, following a trial in which defendant appeared by his attorneys, a judgment was rendered and filed granting plaintiff a divorce and directing a division of property. The journal entry recites, in part:

"It is further ordered, adjudged and decreed by the Court that the property settlement agreement executed by the plaintiff and defendant and filed in this cause is hereby approved by the Court and is referred to and made a part hereof, as if fully written herein and in pursuance of the provisions of said contract, there is hereby awarded to the plaintiff, Eula Barrett, the following described property, to-wit:"

236

vested with discretion in the approval or disapproval of such settlements. Limb v. Limb, 195 Okla. 249, 156 P. 2d 1013. The court can approve, disapprove or modify the contract of the parties but it cannot be said that the approval of the contract withdraws the issues of property rights from the consideration of the court, as defendant contends.

In the instant case the court did more than to merely approve the settlement agreement. The court rendered its judgment in terms of the agreement, but such terms were nevertheless the judgment of the court on the division of the property. It was the court's judgment that "there is hereby awarded to the plaintiff, Eula Barrett," . . . "the sum of $1500.00." We cannot accept defendant's contention that the court did not adjudge anything to be due from defendant to plaintiff, or create a personal liability against defendant.

Defendant contends that the order of June 14, 1951, was made without notice and that plaintiff's remedy was to apply to the court for an order directing the omitted judgment to be entered nunc pro tunc, and to give notice thereon. This motion was heard at a regular setting of the case and defendant was represented by his counsel and his contentions were presented and heard. The record does not reveal that defendant was prejudiced by any failure of plaintiff to give notice. 12 O.S. 1951 §25 provides that it shall be the duty of the clerk immediately after the rendition of a judgment to enter the same on the judgment docket.

"The clerk is the arm of the court for which he is clerk, and it is his duty to make a record of the proceedings, orders, judgments, and decrees of his court, but in so doing he acts ministerially as the amanuensis of his court, and under the exclusive jurisdiction and direction of his court." Hirsh v. Twyford, 40 Okla. 220, 139 P. 313.

A judgment is "rendered" when it is pronounced by the court. Taliaferro v. Batis, 123 Okla. 59, 252 P. 845. The statute requiring entry of the judgment in the judgment docket is directory and compliance therewith is not essential to the validity of the judgment. Ashinger v. White, 106 Okla. 19, 232 P. 850. The judgment is valid as between the parties from the time of its rendition. But it is not a lien upon property, so as to affect the equities of innocent purchasers until it is entered in the judgment docket. Smith v. Citizens National Bank, etc., 204 Okla. 586, 232 P. 2d 618.

In the instant case the order complained of was not an order correcting or in any wise modifying a judgment. It was an order of the court directing the clerk to perform his ministerial duty and make the entry in the judgment docket which the law required him to enter. We find no error in the court's order.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, and JOHNSON, JJ., concur.