Hattie A. SHAW, individually and as Administrator of the Estate of W. A. Shaw, Deceased, William Alex Shaw, Jr., Roy Shaw, Mable Shaw, Lucius Melvin, Nora Melvin and Leon Shaw, Plaintiffs in Error,

v.

Mary STURGEON and J. E. West, Defendants in Error.

No. 37058.

Supreme Court of Oklahoma.

Dec. 4, 1956.

Hall & Graham, Tulsa, for plaintiffs in error.

Billingsley & Nichols, Wewoka, for defendants in error.

PER CURIAM.

The initial question presented is the timeliness of the appeal taken by the defendants in error to the District Court from the decree of distribution of the County Court. The County Court failed to include Mary Sturgeon in its decree as one of the heirs entitled to participate in the distribution of the assets of the decedent. She appealed to the District Court, which overruled a motion to dismiss and decided the case on its merits in favor of Mary Sturgeon. Plaintiffs in error, the administratrix and other heirs, appeal.

This probate proceeding was initiated by Hattie Shaw, one of the plaintiffs in error and third wife of the decedent. She was appointed the administratrix of his estate. In the petition for administration Mary Sturgeon was named as one "who claims to be a daughter." During administration of the estate the administratrix filed a verified petition to sell real estate, naming Mary Sturgeon as an heir; and she, in turn, filed her objections to such sale. Subsequently the administratrix filed her final account and petition for distribution, in which pleading Mary Sturgeon was not mentioned. The petition was set for hearing, and notice was given by publication. At this hearing on October 12, 1951 testimony was given by the administratrix and two other heirs in support of the petition for distribution, and Mary Sturgeon was not mentioned. At the conclusion of this hearing the County Judge announced:

"All right, draw your Journal Entry. Judgment as Journal Entry."

No journal entry was prepared or signed by the judge at that time. Mary Sturgeon was present in court at the hearing but

offered no testimony and was not represented by counsel. At the conclusion of the hearing she questioned the County Judge about the witnesses omitting her name. On October 17, 1951 Mary Sturgeon, by counsel, filed her verified objections to the petition of the administratrix, in which she alleged her claim as an heir. On October 27, 1951 the administratrix demurred to this pleading. Without passing on the demurrer or the pleading by Mary Sturgeon on October 31, 1951 the County Judge signed a formal written journal entry dated October 12, 1951, in which Mary Sturgeon was not mentioned as an heir. Thereafter, on November 9, 1951 Mary Sturgeon gave notice of appeal and filed her bond.

 It is settled that in probate matters an appeal to the district court from the county court is governed by statute and must be accomplished within the period of time prescribed. In this case the time prescribed is ten days. 58 O.S.1951 § 724. This ten days is computed from the date of the rendition of the judgment. Proctor v. Harrison, 34 Okl. 181, 125 P. 479. Thus, if the County Court rendered judgment on October 12, 1951 the appeal was not timely.

 A judgment, here the decree of distribution, is the final determination of the rights of the parties. 12 O.S.1951 § 681. It is rendered when it is pronounced by the court, Barrett v. Barrett, 207 Okl. 234, 249 P.2d 88, but not until it is completely announced. Corder v. Corder, Tex.Civ.App., 189 S.W.2d 100. In Freeman on Judgments, 5th Ed., Sec. 48, p. 81, it is pointed out that,

"* * * In cases tried without a jury the oral pronouncement by the court from the bench is its judgment if in such form as to indicate a present intent to adjudicate the matter pending before it; * * *. But before such a pronouncement should be taken as the judgment it must be clear that it was intended as such and not merely as announcement of the opinion of the court or an indication of what the judgment is to be. In other words, it should

be certain that the court intends to pronounce a judgment and not merely to make a preliminary order which is expected to result in a judgment at a later date. * * *"

The statement of the Court on October 12, 1951 is not sufficiently explicit to qualify as a pronouncement of judgment settling the rights of the parties. It is impossible to determine from the statement the matters adjudged. At most, it could only be an order to take judgment. Neblett v. Superior Court for Los Angeles County, 86 Cal. App.2d 64, 194 P.2d 22. Antedating the Journal Entry signed on October 31, 1951 was of no effect for it is the actual date of the rendition of judgment from which the time is reckoned. 4 C.J.S., Appeal and Error, § 445. It follows that the notice of appeal was within ten days after the rendition of judgment on October 31, 1951. Likewise, because she had pleaded her relationship prior to the time of judgment, Mary Sturgeon was not in default. Since we have established that Mary Sturgeon perfected an appeal, the status of her co-defendant in error is immaterial.

 On the merits of Mary Sturgeon's claim to being a daughter of the deceased, the evidence was conflicting. We have carefully reviewed the evidence. Most of the witnesses were directly interested in the result of the litigation or were relatives of those directly interested, and several were elderly, semi-illiterate Negroes. A recitation of their testimony would only prove that they disagreed on the paternity of the defendant in error. The District Court determined that, her birth having been established as occurring during the marriage of her mother to the decedent, the presumption of her legitimacy had not been rebutted. This judgment is not against the clear weight of the evidence.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Commis-

sioners Jean R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.