SARAH R. FRENCH V. P. H. GROESBECK ET AL.

No. 393.

1. **Evidence—Copy of Recorded Deed.**—A certified copy of a deed which has been recorded in a county other than the county in which the land is situated, accompanied with an affidavit for the loss of the original deed, is not admissible in evidence. The clerk is only authorized to record in his office deeds concerning the title to *lands in his county.*

2. **Continuance—In Discretion of the Court, When.**—When an application is not statutory, entitling the applicant to a continuance as a matter of right, but is such an application as is addressed to the sound discretion of the court, it will not be revised unless a very clear abuse of such discretion be shown. See opinion for application.

### ON MOTION FOR REHEARING.

3. **Reconvention—Nonsuit.**—Appellees pleaded in reconvention to quiet their title, and although they were in possession, they could not be deprived of such right by appellants taking a nonsuit.

APPEAL from Mason. Tried below before Hon. W. M. ALLISON.

*Ogden & Harwood,* for appellant.

*A. W. Moursund* and *John T. Walters,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This is a suit in trespass to try title brought in the District Court of Mason County by appellant against the appellees, to recover 320 acres of land situated in Mason County. The defendants answered by general demurrer, plea of not guilty, and pleaded in reconvention, setting out that they were the owners of the land, that plaintiff's claim was a cloud on their title, and asked judgment for the land, and for the removal of the cloud on their title to the same.

The cause was tried by the court without a jury, and a judgment rendered for the defendants upon their plea of reconvention, from which this appeal is prosecuted.

The appellant is the sole heir and legatee of John C. French, deceased; the appellees, P. H. Groesbeck, J. N., H. S., and Mollie W. Groesbeck, are the sole heirs and legatees of John D. Groesbeck, deceased; and both appellant and appellees claim the land in controversy under John D. Groesbeck as a common source, and waived proof of title down to said Groesbeck. The appellant's claim was through an instrument purporting to be a deed from John D. Groesbeck to John C. French, a copy of which, from the county clerk's office of Bexar County, was offered in evidence by appellant, and excluded for reasons which will appear in our conclusions of law.

*Conclusions of Law.*—Both parties having announced ready for trial, the plaintiff offered in evidence a certified copy of a deed from John D. Groesbeck to John C. French, an affidavit of the loss of the original

having been duly filed as is required by statute for the introduction of copies of instruments required or permitted by law to be recorded in the office of the county clerk, and which have been recorded there, which purports to convey, among other lands, the premises in controversy, and to have been duly acknowledged by the grantor on the 18th day of July, 1856, and filed for registration on the 23rd, and recorded on the 26th day of April, 1859, in the office of the county clerk of Bexar County, Texas. The defendants' counsel objected to its introduction, for the reason it had not been recorded in any county where the land or any part thereof lay. Upon the objection being sustained, the plaintiff asked and obtained leave of the court to withdraw her announcement of ready, and prepared and presented to the court a motion for continuance, upon the ground that she was surprised by the objection of defendants and the ruling of the court thereupon in excluding said copy, and was not prepared with proof to meet the objection; alleging in her motion, "that she believes a portion of the land embraced in the deed was, at the date it was filed for record, embraced within the true limits of Bexar County, or land district; but that she is not prepared to make proof of such fact from proper and indisputable source, to wit, the records and archives of the General Land Office of Texas; that it is impossible for her to procure said testimony in less than four days, as the place where the court is in session is about forty miles from the nearest railroad station accessible for the purpose of going to procure said testimony; and in the event of such proof failing, that she have an opportunity to prove the execution of said deed by proper testimony of competent witnesses. That she had no notice or intimation that such objection would be made to said deed, or that such testimony would be needed. That her counsel does not know of any witnesses at hand by whose testimony the facts averred herein can be established." This motion was overruled, to which ruling plaintiff saved a bill of exceptions, which was signed by the court, with the explanation that evidence had already been introduced, and other evidence was accessible, showing that at the time of filing the deed for record in Bexar County none of the lands were situated in Bexar County or Bexar land district, but were situated in the then organized counties of Mason, San Saba, and Llano. Upon the court's overruling this application is based appellant's first assignment of error. Conceding, for the purpose of considering this assignment, that the copy of the deed was properly excluded, we do not think there was any error in overruling the motion.

It was not a statutory application entitling the plaintiff to a continuance as a matter of right, but was such an application as is addressed to the sound discretion of the court, and will not be revised unless a very clear abuse of such discretion be shown. Railway v. Hall, 83 Texas, 679; Wiggins v. Fleishel, 50 Texas, 64; Railway v. Hardin, 62 Texas, 369; Allyn v. Willis, 65 Texas, 70. The appellant should have been prepared to prove her title by competent testimony, and

her surprise at a correct ruling of the court should furnish no ground for continuing the cause. The application does not show by what facts or records in the Land Office she expects to prove that the land embraced in the deed, or any part of it, was in Bexar County, or land district, at the time the deed, a copy of which was offered in evidence, was filed for record in the county clerk's office of Bexar County. In fact, the application on its face shows that she did not know she could make such proof. Nor does it appear, in the event she should fail to make such proof from the Land Office, that she could have "proved the execution of said deed by proper testimony of competent witnesses, if the cause had been continued to give her the opportunity."

After the application for a continuance was overruled, the plaintiff again offered in evidence the certified copy of the deed referred to in our consideration of the first assignment of error. The same objection to its admission was interposed by defendants, which was sustained by the court as before. To which ruling of the court the plaintiff reserved a bill of exceptions, to which the court appended the explanation, that evidence was adduced showing that the deed in question conveyed lands situated in Mason, Llano, and San Saba Counties only.

Appellant's second assignment complains of the court's exclusion of the copy of the deed.

It is contended by appellant under this assignment, that a deed, being an instrument in writing *permitted or required* to be recorded in the office of the county clerk, after having been proved or acknowledged in the manner provided by law in force at the time of its registration, when recorded in the office of *a* county clerk is admissible in evidence without further proof of execution, proper notice having been given of its filing, and that a certified copy thereof from such record is likewise admissible when the proper affidavit of the loss of the original has been filed. Article 2257, Revised Statutes, does not say recorded in the office of *a* clerk of the County Court, but "in the office of *the* clerk of the County Court." Under the laws in force when the deed in question was recorded, the clerks of the County Courts of the several counties of this State were the recorders for their respective counties, and it was made the duty of each recorder to record in the books provided for his office all deeds, * * * or other instruments of writing concerning any lands, * * * *in his county*, which were proved or acknowledged according to law, and delivered to him to be recorded in his office. O. & W. Dig., arts. 1700, 1706. The clerk was only authorized, under the law, to record in his office deeds concerning *lands in his county*. And as the record in his office of a deed to lands situated in some other county was neither authorized (permitted) nor required, a copy of it was not admissible in evidence under the statute. Land Co. v. Chisholm, 71 Texas, 525; League v. Thorp, 3 Texas Civ. App., 573; Tomlinson v. League, 25 S. W. Rep., 313. Therefore it was properly excluded.

The appellees by their plea in reconvention having pleaded matters entitling them to affirmative relief, could not be prejudiced in thier right to be heard on their plea by a nonsuit on the part of appellant. And it was not error in the court to hear said plea and grant the appellees the relief to which the evidence showed them entitled.    Rev. Stats., art. 1301.

There is no error assigned requiring a reversal of the judgment, and it is affirmed.

                                                                *Affirmed.*

Delivered May 30, 1894.


### ON MOTION FOR REHEARING.

NEILL, ASSOCIATE JUSTICE.—It is contended in appellant's motion that this court erred in not holding that the court below erred in refusing to allow her to take a nonsuit, because it appears that appellees were in possession of the land, and that it further appears that they introduced no evidence to support their plea in reconvention.

After appellees had pleaded in reconvention, they had the right to have the matters put in issue by their pleadings determined, and have their title to the premises quieted against the claim of appellant, notwithstanding they were in possession of the property, and could not be deprived of such right by appellant's taking a nonsuit.

It does not appear from the statement of facts by whom the evidence was introduced, but it does appear therefrom that both parties claimed the land in controversy through John D. Groesbeck, as a common source, and that the appellees are his sole heirs.   In the absence of evidence showing a superior title under the common source in appellant, this was sufficient to entitle the appellees to recover on their plea in reconvention.   And if it was essential they should introduce it in order to avail themselves of it, we would presume, in the absence of proof to the contrary, that it was done by them.

There is no merit in appellant's motion, and it is overruled.

                                                        *Motion overruled.*

Delivered June 2, 1894.


Writ of error refused by Supreme Court.