### H. A. ALLEN ET AL. v. A. A. REILLY.

Decided November 10, 1910.

**1.—Judgment—Foreclosure of Tax Lien—Estates of Decedents.**

Where administration of an estate is pending in the County Court, a judgment against the executor foreclosing a lien for taxes on real property due from the estate can not be enforced by sale thereof under process from the court rendering such judgment, whether a State or a Federal court. Such sale is void. The judgment should be certified to the County Court where administration is pending for classification and enforcement.

**2.—Same—Agreed Judgment.**

The agreement of the executor to a judgment foreclosing lien for taxes and cutting off the right of redemption from a sale made by process of the court rendering it could not deprive the County Court in which administration was pending of its exclusive jurisdiction to classify and enforce the judgment as a claim against the estate, where, though having power to sell under the will, he was not an independent executor.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*H. A. Allen,* for appellant, cited: Craighead v. Bruff, 55 S. W., 764; Bomar v. Ft. Worth, etc. Assn., 20 Texas Civ. App., 914; McDonald v. Miller, 90 Texas, 309; Browning v. Pumphrey, 81 Texas, 163.

*W. G. Eustis,* for appellee, cited: Myers v. Evans, 68 Texas, 466; Bradford v. Knowles, 86 Texas, 508; Fleming v. Ball, 25 Texas Civ. App., 209; Barlett v. Harris, 70 Texas, 181; Rev. Stats., arts. 2083, 2332.

WILLSON, CHIEF JUSTICE.—On July 27, 1892, the city of Henrietta commenced in the District Court of Clay County its suit against J. G. Eustis, executor of the will of Wm. Eustis, deceased, to recover a sum claimed to be due to it by the estate of said Wm. Eustis, deceased, as taxes on lot 9, in block 4, in said city, and other property belonging to said estate. It seems that other parties against whom the city claimed a right to a recovery for sums due as taxes were made parties defendant in the suit. The cause was removed to the United States Circuit Court for the Northern District of Texas, where, on June 7, 1895, in accordance with an agreement of the parties, a judgment was rendered that the city "do have and recover of J. G. Eustis, executor of the estate of Wm. Eustis, deceased, the sum of $385.71, and that the lien herein

established to secure the payment of said sum be foreclosed" upon said lot 9 and said other property.. While the agreement, as recited in the judgment, did not in terms authorize it, the clerk, on a contingency therein provided for, which need not be stated, was directed by the judgment to issue an order requiring the marshal to sell said lot and other property for the purpose of satisfying same. And it (the judgment) declared that if a sale should be made as directed by the order of sale to be issued, "the equity of redemption of each and every one of said defendants whose property has been sold as aforesaid for the amounts found due by each respectively shall be forever barred and foreclosed." An order of sale was issued as authorized by the judgment, and at a sale by virtue thereof of said lot "as the property of John G. Eustis, executor of the estate of William Eustis," made by the marshal August 4, 1896, the city became the purchaser. About May 1, 1907, a tender of the amount of taxes due the city on the lot was made to it on behalf of the Wm. Eustis estate. The city refused to receive the sum tendered to it, and refused to permit said estate to redeem the lot from the sale thereof made to it as aforesaid. Afterwards, by a deed dated May 10, 1907, the city conveyed the lot to appellant Allen. In June 1907, an offer was made to said Allen on behalf of said estate to redeem the lot from the sale thereof made by the marshal. The offer was refused. Having acquired the title of the Wm. Eustis estate to the lot, by a deed to him dated March 6, 1908, appellee commenced and prosecuted a suit to try the title thereto, as between himself and appellant Allen and one Jones, who, through Allen, was claiming an interest therein. The trial court was of the opinion that the sale made by virtue of the order of sale issued on the judgment of the Federal Court was void, and accordingly rendered a judgment in appellee's favor for the lot.

Appellants' contention on this appeal is that, the sale of the lot having been made, as they assert, "under an order of sale issued upon an agreed judgment barring right of redemption," passed title to the city, the purchaser at the sale, free of any right in the Wm. Eustis estate to redeem by paying the taxes, etc., thereon due the city. But we do not think the sale and deed made by the marshal passed the title of said estate to the city, either free of or charged with a right on the part of the estate to redeem the lot by paying the taxes, etc., due thereon. The sale, we think, was void because the Federal Court was without power to order it. While it appears from the record that John G. Eustis, as executor thereof, was authorized by the will to sell and convey the lot, it can not therefore be said that as such executor he was authorized to administer the estate independent of the probate court. Berry v. Hindman, 129 S. W., 1181. Therefore, Craighead v. Bruff, 55 S. W., 764, cited by appellants as supporting their contention, has no application here. The estate was pending for administration in the County Court, and it alone had jurisdiction to effect a sale of the lot for the purpose of satisfying the judgment. Sayles' Stats., art. 2121; Myers v. Evans, 68 Texas, 466; Texas

Loan Agency v. Dingee, 33 Texas Civ. App., 118, 75 S. W., 868; Smithwick v. Kelly, 79 Texas, 564; George v. Ryon, 94 Texas, 317, 60 S. W., 428; Simkins, Administration of Estates, 9. That the statement just made is true, so far as it denies to other courts of this State power to order a sale of the lot, is shown by the authorities cited; and that it is true, so far as it applies to Federal courts, is shown by numerous other authorities, among which may be mentioned Yonley v. Lavender, 21 Wall., 88 U. S., 284, 22 Law Ed., 536; Byers v. McAuley, 149 U. S., 613, 37 Law Ed., 871; Horner v. Hanks, 22 Ark., 588; Simkins, Administration of Estates, 20. That the judgment as rendered should ·be said to have been agreed to by the executor, we think would not confer upon the Federal Court power it did not otherwise have. The law of this State prohibited the issuance of an execution on such a judgment, and required that a certified copy thereof should be filed with the clerk of the County Court where the administration of the estate was pending, for classification by the county judge as a claim against such estate. Sayles' Stat., art. 2083. The duty and power to make the classification, in the first instance, was exclusively in said County Court (Sayles' Stat., arts. 2091, 2093; Porter v. Sweeny, 61 Texas, 213; Bradford v. Knowles, 86 Texas, 505, 25 S. W., 1117), and the requirement that it should be so made could not be dispensed with because of an agreement on the part of the executor that it might be. There is no error in the judgment, and therefore it is affirmed.

*Affirmed.*