C. C. KIDD ET AL. V. J. H. MCCRACKEN ET AL.

No. 2253.   Decided November 13, 1912.

**Non-suit—Announcing Decision of Court.**

The right given a plaintiff to take voluntary non-suit in trial before the court without a jury may be exercised "at any time before the decision is announced," although the court, in discussing the law and evidence, has already expressed opinions which would lead naturally to the conclusion that he intended to decide the case adversely to plaintiff. Rev. Stats., 1911, art. 1955 (Rev. Stats., 1895, art. 1301).

Error to the Court of Civil Appeals, Second District, in an appeal from Parker County.

Kidd and wife sued McCracken and others, and obtained writ of error on the affirmance, on their appeal, of a judgment for defendants.

*Hood & Shadle,* for plaintiffs in error.—When any case is tried by the judge without a jury a non-suit may be taken at any time before the decision is announced. Art. 1301, Sayles' Civ. Statutes; Hoodless v. Winter, 80 Texas, 638; Lockett v. F. W. & R. G. Ry. Co., 78 Texas, 211; Burns v. Reigelsberger, 70 Ind., 522; Somerville v. Johnson, 3 Wash., 140; Mitchell v. Friedly, 126 Ind., 545; Earl of Oxford v. Waterhouse, Cro. Jac., 575; Colorado Fuel, etc., Co. v. Menapace, 64 Pac., 584; Beard v. Becker, 69 Ind., 498; Adams v. Shepard, 24 Ill., 464; Howe v. Harroun, 17 Ill., 494; Walker v. Hiller, 56 Ind., 298; 2 Thompson Trials, sec. 2234; Doughty v. Elliott, 8 Blackf., 406; Watt v. Crawford, 11 Paige, 470; Smith v. Smith, 2 Blackf., 232; Insurance Co. v. Day, 9 Paige, 247; Cohn v. Rumley, 74 Ind., 120; Purdy v. Henslee, 97 Ill., 389; Hughs v. Washington, 65 Ill., 245; 1 Smith's Chancery Practice (2nd Am. ed.), 312; 1 Daniel's Chancery Practice (Perkin's ed.), 797-8, and note one on latter page; Halstead v. Sigler (Ind. App.), 74 N. E., 257.

A mere intimation by the court in his preliminary remarks as to what his judgment will be is not an announcement of his decision. Somerville v. Johnson, 3 Wash., 140; 14 Cyc., page 401, and footnote at bottom of page; Colorado Fuel, etc., Co. v. Menapace (Colo. App.), 64 Pac., 584.

The fact that from the preliminary remarks it was stated by the court or it was reasonably certain as to what the decision of the court would be, does not preclude the plaintiffs from taking a non-suit, as the court has not announced its decision. Crafton v. Mitchell, 134 Ind., 320; Mitchell v. Friedly, 126 Ind., 545; 14 Cyc., page 401, footnote at bottom of page.

*Stennis & Wilson* and *S. W. Fisher*, for defendants in error.—In expressing his conclusions of law, in legal contemplation the court expressed his decision, and the only act necessary to give this force and effect was the reduction of this expression to final judgment.

Mr. Justice Dibrell delivered the opinion of the court.

This is a suit by plaintiffs, C. C. Kidd and wife, against Joe H. McCracken et al., begun in the District Court of Parker County, for the purpose of declaring an instrument a mortgage which upon its face purports to be a deed, and to enjoin a sale of the property described in the such instrument. Defendants answered by general denial and special plea that the property was purchased outright and in good faith for full value. There was no plea of or prayer for affirmative relief. The cause was tried before the court without a jury and judgment entered for defendants. Plaintiffs sought to take a non-suit, as contended by them, before the decision of the court was announced, and the sole question before this court for decision is whether the non-suit was, under the facts of the case, wrongfully denied plaintiffs.

Article 1955, Revised Civil Statutes, 1911 (Art. 1301, Rev. Stats., 1895), on the subject of non-suit is as follows:

"At any time before the jury have retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief; when the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

The bill of exceptions taken by plaintiffs discloses the facts and will be here copied, as follows:

"Be it remembered, that on the trial of this cause, a jury having been waived and the matters of fact as well as of law having been submitted to the court, on the afternoon of the 18th day of November, A. D. 1909, after the evidence was all in, and after the argument of counsel had been concluded, the court announced that it would take the matter under advisement and render his decision on the following morning.

"And be it remembered, that on the following morning, to-wit: on the 19th day of November, A. D. 1909, when court was called, the plaintiff, C. C. Kidd, requested and was granted permission to submit some further remarks.

"And be it further remembered, that at the conclusion of said Kidd's remarks the court made the following statement, viz: "I do not think there can be any question from the evidence but that John McCracken came down here as the agent of Joe McCracken (defendant) to buy the property in question; so the only question in the case in my mind is as to whether the instrument in controversy was intended as a mortgage or as an outright sale.

"'I do not believe that the decisions, wherein it is said that the proof, in order to set aside a deed, must be clear and satisfactory, places on plaintiffs a greater burden than to prove by a preponderance of the evidence that the deed was intended and understood by the parties to be a mortgage. I think the language to that effect in some of the decisions means, in the light of the decisions read by Mr. Hood, that it must be clear to the court that the preponderance of the evidence is in plaintiffs' favor, and it is not clear to my mind that the preponderance of the evidence is in favor of the plaintiffs' contention that the instrument was a mortgage. It is true the plaintiffs have one more witness than the defendant in favor of the instrument's being a mortgage, but all the written testimony in the case bears out the contention of the defendant. And I admitted certain testimony conditionally—that is, I stated that I would hear it and announce my ruling later as to whether I would consider it or not. I will have the stenographer come in and have him take down my ruling in regard to this testimony.'

"And be it further remembered, that at this point counsel for plaintiffs moved the court to permit plaintiffs to withdraw their announcement of ready for trial and take a non-suit, which request of plaintiffs' counsel was refused by the court, and the court proceeded then and there to announce his findings and decision and to render judgment on the whole case, to-wit: that plaintiff's take nothing and that defendants go hence without day and recover their costs; and be it further remembered, that in said cause said defendants, nor either of them, had sought or asked for affirmative relief; and be it further remembered, that when plaintiffs' counsel moved the court to permit plaintiffs to withdraw their announcement of ready for trial and take a non-suit, the court had not announced its decision, except as above set out."

From the foregoing statement, it is clear to our minds that at the time plaintiffs asked to take a non-suit the court had not announced his decision. If this is true, then it was plaintiffs' right, secured by the statute above quoted, to have their case non-suited. It seems to us to be immaterial to the exercise of the right to take a non-suit, that the plaintiff is made aware of the court's view of the case from the expression of the court's opinion, or from any other source. Such knowledge may serve as the vital reason why the party desires to get his case out of court. His information of how the court will decide cannot affect the plaintiffs' right to a non-suit, where the decision has not been announced. The statute is plain upon the subject, and we think does not mean that the plaintiff is denied the right to a non-suit where he gathers from the opinion of the court in discussing the case what his decision will be. That is not the language, nor is it the

meaning of the law. There is a wide and well recognized legal difference between the "opinion" and the "decision" of a court. The strongest case that can be made against plaintiffs under the undisputed facts is that the court, in discussing the evidence and the law, expressed an opinion that would lead naturally to the conclusion that he intended, at the proper time, to decide the case adversely to plaintiffs. However, the time had not arrived for him to announce his decision, for he had yet to pass upon the admissibility of certain testimony that had been admitted conditionally, and his decision of the case upon its merits was yet suspended. The word, "decision," as used in the statute, means the court's judgment, which is made a part of the record immediately upon its rendition, but the court's opinion of the different phases of the case is nothing more than an expression of the judge's views. In the case at bar the judge, at the time the non-suit was demanded, had done nothing more than to express his opinion of the case. He had not announced his decision or judgment.

For a discussion of the legal distinction between the words, "decision" and "opinion," upon which we rely, see 13 Cyc., 427; Words & Phrases, p. 1901; Craig v. Bennett, 158 Ind., 9; Houston v. Williams, 13 Cal., 24; Coffey v. Gamble, 117 Iowa, 545; In re Winslow's Estate, 34 N. Y. Supp., 637.

We are clearly of the opinion that the trial court should have permitted plaintiffs to have taken their non-suit in compliance with their request, and that in the denial of that right a substantial injury has resulted to them. For the reasons above indicated, the judgments of the Court of Civil Appeals and the trial court will be reversed and the cause remanded for further proceedings, and it is accordingly so ordered.

*Reversed and remanded.*