## HUMPHREY v. HUMPHREY.    (No. 2950.)

(Court of Civil Appeals of Texas. Texarkana.
June 12, 1924.)

**1. Dismissal and nonsuit ⬅11—Decision announced, within act authorizing voluntary nonsuit, when court finally declares judgment to be entered of record.**

Decision is announced, within Rev. St. 1911, art. 1955, authorizing voluntary nonsuit at any time before such announcement, when court finally declares judgment to be entered of record.

**2. Divorce ⬅139—Defendant may take nonsuit on cross-bill at close of evidence before direction of order for final judgment thereon.**

Under Rev. St. 1911, art. 1955, defendant, in divorce suit, may take voluntary nonsuit on cross-bill, after close of evidence, before court directs order for final judgment of divorce on such bill; dismissal of cross-action not affecting plaintiff's right to hearing on original petition.

Appeal from District Court, Lamar County; Ben H. Denton, Judge.

Suit by A. J. Humphrey against Ruth Humphrey. From judgment for defendant, after refusal of voluntary nonsuit, defendant appeals. Reversed and rendered.

Allen & Baughn, of Paris, for appellant.
Johnson & McMillan, of Paris, for appellee.

LEVY, J. The appellee brought suit against the appellant for divorce, alleging as grounds therefor abandonment for three years. The appellant answered the suit with a general denial; and by way of cross-action herself sought a divorce, alleging desertion and failure of the appellee to support her and their child, and asking for custody of the child. The appellee did not file any pleading to the cross-action. The case was tried before the court, and judgment was entered in favor of the appellant.

According to the bill of exception the following proceeding occurred:

"Upon the trial of the cause, when the evidence closed, the defendant asked the court to grant her a nonsuit upon her cross-bill for a divorce, which the court refused, and granted a divorce upon the petition of the defendant. The defendant excepted to the ruling of the court. This bill of exception is allowed with this explanation: After all the testimony was in and the court had announced that he found that the plaintiff and the defendant had separated first in 1915, and that the preponderance of the evidence showed that they went back together in 1918 and lived together only a month or two when the plaintiff abandoned the defendant, and as a consequence of this proof the court would therefore render judgment for the defendant on her cross-bill, for a divorce, and was intending to further say 'and the care and custody of the minor child,' when the defendant then asked that she have leave to withdraw her cross-bill."

[1, 2] The sole question on appeal is that of whether or not the appellant was entitled to take, under the circumstances, a voluntary nonsuit as to her cross-bill for affirmative relief. The statute specially provides that a nonsuit or dismissal may be taken "at any time before the jury have retired," or "when the case is tried by the judge such nonsuit may be taken at any time before the decision is announced," unless the nonsuit or dismissal would "thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief." Article 1955, Rev. Stat. The "decision is announced," within the meaning of the article, when the court has finally declared the judgment to be entered of record. Kidd v. McCracken, 105 Tex. 383, 150 S. W. 885. In the present appeal the judge had partially announced his judgment but he had not gone so far as to direct an order for final judgment when the nonsuit was demanded. And the dismissal of the cross-action for divorce would not operate "to thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief." The appellee's petition for divorce was legally distinct from the appellant's cross-action for divorce. Each was in the attitude of plaintiff as regards their separate pleadings. The dismissal of the cross-action would not affect the appellee's right to be heard on his original petition, or deprive him of any relief sought by him. The terms of the statute in this respect do not have application to the character of pleading as here presented, in a divorce case. After the nonsuit of the cross-action the court was still authorized to render such judgment on the appellee's pleading as the law and evidence would authorize. A legal objection is not perceived to deny the appellant the right of nonsuit as to her cross-action at the time she made the demand. And especially so since this is a divorce case. A party should not be compelled to take a judgment of divorce on her own application therefor, if she elects, as here, to withdraw her application without prejudice to any legal right of the husband.

The judgment is reversed, and judgment is here rendered authorizing nonsuit as to appellant's cross-action and denying a divorce to appellee, as determined by the trial court. The costs of the trial court and of the appeal are taxed against appellee.