## ODUM et al. v. PEELER.  (No. 7452.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 9, 1925.)

**1. Dismissal and nonsuit ⊚⇒19(1) — Defendant's prayer for purchase price and taxes in event of plaintiff's recovery held not to be affirmative plea depriving plaintiff of right to nonsuit.**

In action of trespass to try title, defendant's prayer for purchase price of land and taxes paid, in event of recovery by plaintiff, does not constitute plea for affirmative action, and hence plaintiff cannot be deprived of right to take a nonsuit after submission of testimony and argument of defendant's counsel.

**2. Dismissal and nonsuit ⊚⇒19(1)—Plea for affirmative relief held not to deprive plaintiff of right to nonsuit, if no prejudice to defendant's right to hearing on affirmative plea.**

In action of trespass to try title, defendant's plea for taxes, though not based on any contingency, does not deprive plaintiff of right to nonsuit if it does not prejudice defendant's right to trial on counter action, since under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955, nonsuit is not prohibited by plea for affirmative relief, but statute merely provides that nonsuit shall not prevent hearing on such plea.

**3. Dismissal and nonsuit ⊚⇒11—Opinion denying motion to continue held not to constitute decision depriving plaintiff of right to nonsuit thereafter.**

In action to trespass to try title, opinion of court in denying motion to continue that plaintiffs had not connected themselves with title to land did not constitute a decision made or entered under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955, giving right of nonsuit at any time before decision of trial judge is announced.

Appeal from District Court, Atascosa County; Covey C. Thomas, Judge.

Action of trespass to try title by Minnie Odum and others against A. M. Peeler. From a judgment that plaintiffs take nothing by their suit, plaintiffs appeal. Reversed and rendered.

Nat L. Hardy, of Jourdanton, and Harry L. Howard, of San Antonio, for appellants.

Bowen & Williams, of Jourdanton, for appellee.

FLY, C. J. Mrs. Minnie Odum, joined by her husband J. T. Odum, Frank Buchanan, R. L. Cantrell, Mrs. Mary Faulkner, and Mrs. Jannie A. Cantrell, brought this action of trespass to try title to 80 acres of land known as farm tract No. 6547, farm block 72, farm division 3, C. F. Simmons subdivision, against A. M. Peeler, appellee. The cause was tried by the court, without a jury, and judgment rendered that appellants take nothing by their suit and pay all costs of suit.

[1] The cause has been appealed to this court on one ground—the right of a plaintiff to take a nonsuit after the testimony had been submitted, after the argument of counsel for defendant had been heard, after a motion by plaintiffs to withdraw their announcement of ready and continue the cause had been overruled, and after the court had stated that appellants had not connected themselves with the title to the land. The court placed his decision overruling the application to discontinue the suit on the ground that appellee had sought affirmative relief against appellants. After pleading one link of his title and alleging the payment of certain taxes on the land, appellee stated:

"Defendant prays that plaintiffs take nothing by their suit and that he go hence without day and recover his costs, and in the alternative defendant prays that in the event of a recovery by plaintiffs that defendant recover of and from plaintiffs said sum of $100, representing the purchase price paid by him for said land, with interest thereon from date of payment until paid at the rate of 6 per cent. per annum, and the further sum of $42.18, representing the aggregate sum of taxes paid by defendant on said property since his said purchase, with interest on each of the several items aggregating said sum of $42.18 from their respective date of payment until paid at the rate of 6 per cent. per

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

annum, and that plaintiffs' recovery, in the event they should recover, be subject to the payment of said several sums of money with interest as above alleged and prayed for."

[2] It will be noted that the affirmative relief sought was prayed for only in the event that appellants should recover, and could have no force or effect in case of a dismissal. There was in reality no prayer for affirmative action by the court. The plea for taxes was based on a contingency of appellants' recovery of the land and could not have arisen had the court permitted a nonsuit. There was in fact no plea for affirmative action on the part of appellee. Even if appellee had asked for judgment for the taxes without basing it on a contingency, appellants would have been entitled to their nonsuit, if it did not prejudice the rights of appellee, and appellee could have had his trial on his counter action. French v. Groesbeck, 8 Tex. Civ. App. 19, 27 S. W. 43. The law does not prohibit a plaintiff from taking a nonsuit where affirmative relief has been claimed by the defendant, but merely provides that such nonsuit shall not prevent a hearing on the plea for affirmative relief. Vernon's Sayles' Tex. Civ. Stats. art. 1955; Apache Cotton Oil Co. v. Watkins (Tex. Civ. App.) 189 S. W. 1083.

[3] The bill of exceptions shows that in denying the application to withdraw the announcement of ready for trial and to continue the cause the court expressed an opinion that the evidence did not sufficiently identify appellants as heirs of Miss Mattie Cantrell through whom they claimed, and that he did not think he should reopen the case upon the facts at that time. The statute gives the right to a nonsuit at any time before the decision of the trial judge is announced. No decision, as contemplated by the statute, had been announced when the nonsuit was sought by appellants. As said by the Supreme Court, through Judge Dibrell, in the case of Kidd v. McCracken, 105 Tex. 383, 150 S. W. 885:

"The statute is plain upon the subject, and we think does not mean that the plaintiff is denied the right to a nonsuit where he gathers from the opinion of the court in discussing the case what his decision will be. That is not the language, nor is it the meaning of the law. There is a wide and well recognized legal difference between the 'opinion' and the 'decision' of a court. * * * The word 'decision' as used in the statute, means the court's judgment, which is made a part of the record immediately upon its rendition, but the court's opinion of the different phases of the case is nothing more than an expression of the judge's views."

The nonsuit in this case was denied before a decision of the judge had been made or entered. Weil v. Abeel (Tex. Civ. App.) 206 S. W. 735; Kelly v. Bank (Tex. Civ. App.) 233 S. W. 782; Supply Co. v. Mack (Tex. Civ. App.) 238 S. W. 247; Humphrey v. Humphrey (Tex. Civ. App.) 263 S. W. 957.

The judgment of the lower court is reversed, and judgment here rendered permitting a nonsuit by appellants and dismissing their suit. The costs of the district court are assessed against appellants and the costs of this appeal against appellee.

Reversed and rendered.