**F. A. TAYLOR et al., Appellants,**

v.

**PHILLIPS PETROLEUM COMPANY et al., Appellees.**

No. 13017.

Court of Civil Appeals of Texas.

Galveston.

Oct. 25, 1956.

Rehearing Denied Nov. 15, 1956.

Shelby K. Long, Port Arthur, Judge Alton C. Arnold, Angleton, for appellants.

R. L. Foster and Harry D. Turner, Bartlesville, Okl., for appellee Phillips Petroleum Co.

R. K. Batten and E. H. Brown, and Lester Settegast, Houston, for appellees Grafton T. Austin, Sr., Martha H. Austin Sparrell and Husband, William R. Sparrell, Aline Ruth Cooke and husband, Willard R. Cooke, Helen Justine Austin Storey, a feme sole, Elizabeth B. (Bessie B.) Austin, a feme sole, and Lester Settegast.

HAMBLEN, Chief Justice.

Appellants filed this suit on September 9, 1954, against the Phillips Petroleum Company for the recovery of moneys held by that company which had accumulated as a royalty under the terms of an oil and gas lease between appellants as lessors and Phillips Petroleum Company as lessee. Phillips Petroleum Company filed a bill of interpleader in which it admitted the accumulation of such royalties but alleged that the title to the land from which production has been obtained was claimed by appellants on the one hand and by appellees on the other, from both of whom it held leases, and that it was unable to determine as between such claimants which were enti-

tled to the royalties. Appellees, having been made cross-defendants in such interpleader, filed an answer denying all of appellant's original allegations and alleging ownership of the royalties in themselves. Appellants thereupon filed a supplemental petition, in which they alleged ownership of the land from which production had been obtained as purchasers at a sheriff's sale under a tax foreclosure judgment rendered by the District Court of Brazoria County. Appellants also pleaded the five and ten year statutes of limitation, Vernon's Ann.Civ.St. arts. 5509, 5510. Appellees thereupon amended their answer and alleged that the sheriff's sale under which appellants claim title is void, or, alternatively, voidable. They cross-acted against appellants in statutory trespass to try title. By amended petition appellants joined issue in the trespass to try title action by a plea of not guilty, and again pleaded the five and ten year statutes of limitation. Defensively to the appellees' attack upon the sheriff's sale, appellants set up the four year statute of limitation, Vernon's Ann.Civ.St. art. 5529. Trial of the issues thus joined was had before the District Court of Brazoria County, sitting without a jury, and resulted in a judgment in favor of appellees for title and possession of the land in controversy.

On appeal both litigants concede that Phillips Petroleum Company occupies the position of disinterested stakeholder and that the company is before this Court as a formal party only.

The judgment adverse to them is attacked by appellants in ten formal points of error, as follows:

"(1) The error of the Court in finding Cross-Plaintiffs (Appellees) are successors in title to land in question of E. J. Biering through valid conveyances of record in Brazoria County.

"(2) The error of the Court in finding that land was sold in bulk.

"(3) The error of the Court in finding the Plaintiffs have not had peaceful and adverse possession of said land claiming the same under a deed duly recorded and cultivating enjoying the same for a period of more than five (5) continuous years after the expiration of the redemption period from date of tax deed paying taxes before delinquency.

"(4) The error of the Court in finding that Plaintiffs have not had peaceful and adverse possession of the lands cultivating, using or enjoying the same for ten (10) years.

"(5) The error of the Court in holding the sheriff's deed to Plaintiffs (Appellants) void.

"(6) The error of the Court in holding that sale should have been made through Probate Court.

"(7) The error of the Court in holding the Plaintiffs have no record title.

"(8) The error of the Court in holding Plaintiff failed to acquire title under Five Year Statute of Limitation.

"(9) The error of the Court in holding Plaintiffs (Appellants) failed to acquire title under Ten Year Statute of Limitations.

"(10) The error of the Court in holding Cross-Plaintiffs (Appellees) have title to such land."

Our disposition of such points will be stated in the discussion which follows.

The land involved in the case contains 6½ acres. The common source of the title of all litigants is one E. J. Biering, now deceased. Appellees claim under a deed from James R. Cheek, Trustee of E. J. Biering, Bankrupt, to William T. Austin, dated May 27, 1903, supported by proper orders of the Bankruptcy Court. Appellants claim under a sheriff's deed, executed and delivered to Frank Taylor and Fred Frommer on May 27, 1932, by the Sheriff of Brazoria County acting under

an order of sale for delinquent taxes issued out of the District Court of Brazoria County in Cause No. 25254, styled The State of Texas v. S. R. Biering, Administrator of The Estate of E. J. Biering, Deceased.

In oral argument conflicting contentions were made as to which of the litigants had the burden before the trial court of establishing good title. The record discloses that regardless of where that burden may properly have rested, appellants assumed the burden, at least, of going forward with the evidence. On appeal appellants insist that appellees, having first asserted title as against appellants by their pleadings, thereby assumed the burden of establishing title in order to recover against appellants. Since we have concluded that appellees have met that burden and established record title in themselves out of the common source, the question is immaterial.

 Appellants' attack upon the judgment adverse to them may be said to present three basic contentions. The first contention set up in Points of Error Nos. 1 and 10 is to the effect that the trial court erred in holding that appellees proved a good record title. Factually they rely upon proof that the deed out of the common source upon which appellees rely dated in 1903, was, until August 14, 1950, recorded only in Galveston County where most of the land conveyed thereby was located. On August 14, 1950, a copy of the deed from James R. Cheek, Trustee of E. J. Biering, Bankrupt, together with a copy of the order of the Bankruptcy Court approving the sale to William T. Austin, both of which were certified by the County Clerk of Galveston County, were filed of record in Brazoria County where the 6½ acre tract here in dispute is located. More than ten days prior to the trial of this case, appellees filed such certified copies in the papers of the cause and notified appellants of such filing. Appellees also filed an affidavit to the effect that the original of such deed and the original certified copy

of such order had been lost or could not be procured. The asserted error of the trial court in admitting such certified copies in evidence over appellants' objection is the basis of their Points 1 and 10. They say that certified copies of instruments recorded in a county other than the county wherein the land is located are not admissible to prove title in the county wherein the land is located. In support of their contention, they cite Tomlinson v. League, Tex.Civ. App., 25 S.W. 313, and French v. Groesbeck, 8 Tex.Civ.App. 19, 27 S.W. 43. Appellees answer, correctly we think, that since the decision of the cases cited by appellants remedial legislation, Articles 6625a, 3726, and 3726b, Vernon's Ann.Tex.Civ.St. has been enacted, under the provisions of which the instruments offered are clearly admissible in evidence. Appellants insist in oral argument that even under the provisions of such remedial legislation the evidence is inadmissible because of a provision in Article 3726, as amended in 1941, and in Article 3726b, in the words: " * * *, provided, no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during that 10 years; * * *." We think it is clear that the quoted provision of the statute relates to instruments not proved or acknowledged in the manner provided by law, and is in no way applicable to the instruments here involved which were properly proved and acknowledged for recordation under the applicable registration statutes.

The second basic contention made by appellants is that the trial court erred in holding that they failed to prove good record title in themselves, superior, under the provisions of Article 1289, to the title of appellees (Points of Error Nos. 2, 5, 6, and 7). The trial court made findings of fact in narrative form, based upon which it concluded that the sheriff's deed upon which appellants rely was void and of no force and effect for two reasons: (1) because the sale was not made through the Probate Court in which the Estate of E.

J. Biering was being administered, and (2) because the land described in the order of sale was sold by the sheriff in bulk, or in solido, rather than separately as directed in the judgment and order of sale.

We understand the law to be that the requisites of a sale under execution such as that upon which appellants rely are: a valid judgment, a proper levy, a proper sale, and the payment of consideration. Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941. We understand appellants to so concede. It has been held that the sheriff's giving of an execution sale deed is a ministerial act, which is not essential to investiture of title in the purchaser. Burnam v. Blocker, Tex.Civ.App., 247 S.W. 2d 432; City of Houston v. Darland, Tex. Civ.App., 264 S.W.2d 783.

We hold that the District Court of Brazoria County, in rendering judgment in Cause No. 25254 in favor of the State of Texas for taxes due by the Estate of E. J. Biering, Deceased, had no jurisdiction to order a sale by the sheriff under execution of the property against which the taxes were due; but, on the contrary, the jurisdiction of that court in that proceeding is expressly limited by statute to certifying the judgment which it renders for taxes to the County Court wherein the administration of the estate is pending. We further hold that since the lack of jurisdiction is apparent upon the face of the judgment and the order of sale, both of which are essential to the investiture of title in the purchaser from the sheriff, those muniments of title upon which appellants rely are void upon their face, convey no title to appellants, are subject to collateral attack at any time, and the four year statute of limitation is no bar in the action.

Power to render the particular relief awarded is an essential element of jurisdiction in a court. 25 Tex.Jur. 709, Sec. 261. Article 2218, V.A.T.S., which was in effect at the time of the rendition of the judgment in question and which has been succeeded by Rule 309, Texas Rules of Civil Procedure, expressly sets forth the provisions which shall be incorporated in a judgment for the foreclosure of mortgages and other liens. Expressly excepted from the provisions of the rule are judgments against executors, administrators and guardians. Article 2222, V.A.T.S., also in effect at the time the judgment was rendered and which has been succeeded by Rule 313, T.R.C.P., provides as follows:

" 'A judgment for the recovery of money against an executor, administrator or guardian, as such, shall state that it is to be paid in the due course of administration. No execution shall issue thereon, but it shall be certified to the county court, sitting in matters of probate, to be there enforced in accordance with law, but judgments against an executor appointed and acting under a will dispensing with the action of the county court in reference to such estate shall be enforced against the property of the testator in the hands of such executor, by execution, as in other cases.' "

The courts of Texas have repeatedly held that the Probate Court alone has jurisdiction to sell, for the payment of debts, the property of a decedent upon whose estate administration is pending under the express provisions of Article 3290 et seq., V.A.T.S., Connor Bros. v. Williams, 130 Tex. 572, 112 S.W.2d 709; Federal Land Bank of Houston v. Tarter, Tex.Civ.App., 86 S.W.2d 523. This Court expressly held that the rule applies to the foreclosure of a tax lien. Teat v. Perry, Tex.Civ.App., 216 S.W. 650. Such is also the holding in Allen v. Reilly, 62 Tex.Civ. App. 624, 131 S.W. 1152. We are aware of no holding to the contrary, and appellants have cited none. Administration on the estate of E. J. Biering, Deceased, was pending at the time of the rendition of judgment in Cause No. 25254 and at all other material times. As stated, this fact is

disclosed upon the face of the judgment and all proceedings following its entry. This renders the sale under execution void.

In support of their point of error directed to the holding of the trial court, which we have discussed, the appellants have cited the case of Highland Park Independent School District v. Thomas, Tex.Civ.App., 139 S.W. 2d 299, 301. Our examination of that decision discloses that the tax foreclosure which was there upheld affected property owned by a person who, after the judgment was rendered, died testate and appointed an executor to act independently of the Probate Court. The holding clearly has no application to the facts now under consideration; however, in the course of its opinion the court uses the following language:

"The constitutional liens of the State of Texas and other taxing units are, in no sense, a 'debt' or 'claim' against the estate of Mrs. Emma E. Thomas, deceased, nor a 'judgment for money', as contemplated by Art. 3778, providing: 'If a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration'. The judgment and liens here involved relate to specific property to be subjected to the satisfaction of the taxes assessed against it, measured, of course, by money only as a standard to determine the superior equity of the taxing units, as against the legal title of the owners, * * *."

As previously stated, the real basis of the decision in that case rests upon the distinction between administration in the Probate Court and independent administration; however, appellants insist that since in the language above quoted the court has held that a tax lien is not a "debt" or "claim" or "'judgment for money,'" Article 3502 et seq. of our statutes are not applicable and the County Court has no jurisdiction thereof.

The language quoted above could be construed to suggest that land in Texas is not allodially owned, but is held under some system of tenure under the State as overlord, with taxes as an incident of the tenure. We have difficulty reconciling the statement that tax liens to not secure a "debt" or "claim" with the right in the State to recover a personal judgment for delinquent taxes against a landowner. See Harrison v. Orr, Tex.Com.App., 296 S.W. 871; Henson v. City of Corpus Christi, Tex.Civ.App., 258 S.W.2d 343, writ refused. We do not pursue the matter further because, as noted, the quoted language does not represent the basis of the court's decision and is, therefore, dicta. We have already cited decisions which directly support our holding which, we note, are cited in the dissenting opinion in that case. The case has no writ history.

The conclusions stated dispose of the issue presented by appellants' second basic contention, and require us to hold that the trial court properly concluded that appellants did not have record title to the property in controversy. We overrule appellants' Points of Error Nos. 5, 6, 7. Their Point of Error No. 2 obviously becomes immaterial, as does also their argument relative to the sufficiency or insufficiency of the description contained in the sheriff's deed, to which no specific point appears to be directed. Since neither complaint presents a point as to which this Court's jurisdiction is final, we deem it unnecessary to pass upon them.

Appellants' third basic contention, presented in Points of Error Nos. 3, 4, 8, and 9, is that the trial court erroneously held that they failed to prove title under the five and ten year limitation statutes. We see no merit in appellants' Points of Error Nos. 3 and 8. We have held that the sheriff's sale, under which they hold title, is void because of lack of jurisdiction in the District Court to order a sale under execution of property owned by the estate of a deceased person, administration of which is pending in the County Court. Requisite to the perfecting of title under

the five year limitation statute are: (1) a recorded deed, (2) payment of taxes, and (3) adverse possession. The three requisites must continue throughout the specified period. If any is lacking, the claim must fail. Pinchback v. Hockless, Tex. Com.App., 138 Tex. 306, 158 S.W.2d 997. In Neal v. Pickett, Tex.Com.App., 280 S.W. 748, 752, it is stated: "If a 'deed' be void on its face, it is not a deed at all within the meaning of the law. * * * Such an instrument, plainly, could not give that notice which is the basis of the law of prescription."

■ We construe appellants' argument to concede the law to be as above stated. They seek to escape its applicability upon the proposition that the invalidity (if any, from their viewpoint is disclosed only in the proceedings of the court under the authority of which the deed was executed, and is not apparent upon the face of the deed itself. They further maintain that while the proceedings of the court are essential to the investiture of record title, only the deed itself is essential to the maturing of limitation title under the five year statute. We find it unnecessary to pass upon this last stated contention because we are of the opinion that the recitations in the deed of the proceedings of the court under which it purports to have been executed demonstrate the same invalidity which the proceedings themselves disclose, and that the deed is therefore void on its face. Because of this, we see no purpose in reviewing the evidence relative to payment of taxes, and adverse possession.

■ We are also of the opinion that the finding by the trial court that appellants did not acquire title under the ten year statute of limitation has support in the record, and cannot be disturbed on appeal. The evidence in this case shows that in the years prior to 1943 the 6½ acre tract here in dispute was included in a large pasture of over 5,000 acres, composed of many separate tracts having different ownerships, and that this large pasture was enclosed by fences on the southwest and northwest, with a gap or cattle guard across a public road which entered the pasture from the northwest. On the northeast such pasture was enclosed by fences and by Hall's Bayou, or by a combination thereof. It is undisputed that no portions of such fences were ever erected by appellants or by their tenant, Briscoe Irrigation Company. In 1943 Briscoe Irrigation Company, which had 60,000 acres under leases in the vicinity, including leases from the various owners of the individual tracts within such pasture, started spot-farming the same in rice. Mr. Taylor, the only one of appellants to testify, stated that he had never been on the ground himself and could not testify as to the occupancy thereof. He did not testify that he claimed or had ever claimed the land by use or occupancy under any statute of limitation, but contended only that he had acquired title by the sheriff's deed heretofore discussed. In 1943, 1944, 1945 and 1946, the tract in question, and other adjoining portions of the large pasture were farmed in rice. In 1947 the tract in question was neither cultivated, grazed, nor used in any manner. In 1948 the tract in question and other portions of the large pasture adjoining it were again farmed in rice. In 1949 Briscoe Irrigation Company made some arrangement with McCauley Brothers to graze their cattle in this pasture. Neither the McCauley Brothers nor any of their representatives testified at the trial as to their use or occupancy of this pasture, or the extent thereof, and no one testified as to how many cattle were grazed. The only other time that the land in question was farmed in rice was in 1952, so that in 1949, 1950, 1951, 1953 and until the filing of this suit in 1954 the only use of such property was that made by McCauley Brothers under their arrangement with Briscoe Irrigation Company. The only visible appropriation of the property by McCauley Brothers was to close the gap between two fences east of Hall's Bayou. Other fencing done by McCauley Brothers

was only done to prevent cattle from going into those parts of the large pasture which were being farmed by Briscoe Irrigation Company.

It clearly appears to this Court that appellants' claim of title under the ten year statute of limitation of Texas is controlled by Article 5512, V.A.T.S., which provides as follows:

"Possession of land belonging to another by a person owning or claiming five thousand acres or more of lands inclosed by a fence in connection therewith, or adjoining thereto, shall not be the peaceable and adverse possession contemplated by Article 5510 unless said land so belonging to another shall be segregated and separated by a substantial fence from said lands connected therewith or thereto adjoining or unless at least one-tenth thereof shall be cultivated and used for agricultural purposes or used for manufacturing purposes, or unless there be actual possession thereof."

We feel that it is also controlled by the definition of "adverse possession" set forth in Article 5515, V.A.T.S., and the construction which has been placed upon that statute in cases wherein it has been material. The statute was the subject of extended discussion by Judge Hutcheson in the case of Delany v. Padgett, 5 Cir., 193 F.2d 806, 807, 810. To quote at length from that opinion would unduly extend this opinion, but we do think the following portions thereof are of significance. In the opinion Judge Hutcheson makes the following statement: " * * * the claim of right referred to in the statutes means a bold and open, a downright and persistent claim asserted not furtively by stealth and artifice, but openly, notoriously, unequivocally, adversely and continuously. * * *

"Neither can one who, as here, runs cattle on a pasture thus enclosed, claim title by adverse possession to a particular tract when the pasture contains many tracts of land held under separate owner-ships and distinct chains of title, as to some of which he recognizes the title of the owner, merely because this tract is included in this general enclosure. Especially is this so when, as here, the defendant's possession was qualified by a most general agreement with Mr. Maco Stewart, that he was not claiming adversely any of the lands in his pasture that belonged to Mr. Stewart or to any of Mr. Stewart's clients.

"Under testimony of this kind, in order to start limitation running as to tracts situated with reference to the enclosure, as plaintiffs' land is, it would be essential that it be possessed, used, and cultivated in such a way as to unequivocally give notice of defendant's adverse claim to it, as distinguished from other lands in the same pasture as to which he admits he was making no claim."

We think that the language from Judge Hutcheson's opinion gains added significance when it is understood that he was by the decision upholding a directed verdict against the limitation claimant rendered in the trial court; whereas, in this case we have a finding of fact by the trial court against the limitation claimant. We further feel that the last quoted portion of Judge Hutcheson's opinion is directly applicable to the present case in the light of testimony in the record by a representative of Briscoe Irrigation Company, whom appellants claim to have been their tenant, to the effect that Mr. Briscoe had never claimed title to land used by him as a rice farmer to which he did not have title; that Mr. Briscoe represented to all of the folks in the vicinity that he was just rice farming and was not trying to steal anybody's land; that he had never claimed any land adverse to anybody; that if they owned title to the land it was their land and he would pay them the rent for the land when he found out about it; and that Briscoe Irrigation Company was not claiming any land by limitation.

With reference to the applicability of Article 5512, V.A.T.S., to the facts in this case, appellants contend that the sheriff's deed under which they hold or claim, even though it be insufficient to invest them with record title, is sufficient to give notice of the extent of their claim under the ten year limitation statute, and to take the situation out of the provisions of Article 5512, V.A.T.S. We have difficulty in reconciling that contention with the opinion in Neal v. Pickett, supra, from which we have quoted, wherein the court unequivocally states that a void deed could not give that notice which is the basis of the law of prescription. However, even if appellants be correct in their contention that their claim under the ten year statute is not foreclosed by the provisions of Article 5512, nevertheless, we hold that there is ample evidence to support the trial court's finding that they failed to prove adverse possession sufficient to mature title under the statute.

It is ordered that the judgment of the trial court be in all things affirmed.

CODY, J., not sitting.