

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 14, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-502

Re: Whether Section 52 of
Article V of House Bill
No. 12, Acts 59th Legis-
lature, 1965, requires
that the Attorney General
be furnished copies of
Rules and Regulations
adopted by the Comptroller
pursuant to Title 122A,
Taxation-General, and

Dear Mr. Calvert:

related questions.

You have requested an opinion of this office involving
several questions arising from Sec. 52 of Art. V, H.B. 12, 59th
Legislature, 1965, which reads in part as follows:

"None of the funds appropriated in Articles II,
III, and IV of this Act, with the exception of funds
appropriated to the Secretary of State, may be used
for the delivery of a written legal opinion unless
a copy of such opinion is furnished the Attorney
General."

You requested advice as to the necessity of furnishing
copies to the Attorney General of the following:

"1. Rules and Regulations adopted by the Comp-
troller and filed with the Secretary of State. (See
Art. 1.10 of Title 122-A.)

"2. Determinations and Redetermination. (See
Art. 1.03 and specific tax articles.)

"3. Cancellation and suspension of permits and
licenses after notice of hearing.

"4. Decisions by the Comptroller that tax-
payer has overpaid and is entitled to a credit.

-2372-

"5.   A letter stating that a described activity or transaction is:
        a.   Taxable
        b.   Exempt.

"6.   A claim for refund of taxes paid is denied, giving specific reasons.

"7.   A claim for payment is denied, giving specific reasons."

In order to answer your question, we must define "legal opinion" as used in Sec. 52 of Art. V, H.B. 12, 59th Legislature, 1965.   A "legal opinion" is a document prepared by an attorney, judge, court, referee, or the like, based upon the specific facts of a case under consideration, which sets out a legal conclusion or renders legal advice with supporting legal reasons and principles, as illustrated by rules, regulations, statutes, or case law.   An opinion may be distinguished from a recitation of facts, Texas Employees' Insurance Association v. Maynard, 362 S.W.2d 128 (Civ.App., 1962, error ref. N.R.E.).   Likewise, an opinion may be distinguished from a decision.   The former sets forth the detailed reasons and law as applied to the case upon which the judgment is based, Blacks Law Dictionary, fourth edition, page 1243; the latter is the judgment or legal conclusion reached by the ruling body, Kidd v. McCracken, 105 Tex. 383, 150 S.W. 885 (1912).

Since rules and regulations do not come within the definition of "legal opinion", Sec. 52 of Art. V, H.B. 12, 59th Legislature, 1965, neither enlarges nor diminishes the duty of the Comptroller to furnish copies to the Attorney General of rules and regulations promulgated by the Comptroller.

The Comptroller is required to furnish to the Attorney General rules, regulations, and other documents promulgated pursuant to a number of legislative enactments, as for example Article 6823a, Vernon's Civil Statutes, "Travel Regulations Act of 1959", which reads in part:   "Such rules and regulations as are prescribed by the Comptroller should be subject to final approval by the Attorney General."   Sec. 52 of Art. V, H.B. 12, 59th Legislature, 1965, does not affect the obligation of the Comptroller to continue furnishing to the Attorney General such copies of all rules, regulations, and other documents as may be required by statute to be delivered to the Attorney General for his approval or otherwise.

Without knowing the specific content of the documents referred to in your last six examples, this office cannot determine whether these remaining six examples fall within the definition of "legal opinion." As to the six remaining questions, the Comptroller should furnish copies to the Attorney General only if the communication falls within the above definition of "legal opinion." If the communication merely relates a ministerial decision or recites the facts of the case, the Comptroller is not required to furnish copies of it to the Attorney General. In the event of any doubt as to the character of the document issued, the said doubt should be resolved by forwarding a copy of the document to this office.

## SUMMARY

Sec. 52 of Art. V, H.B. 12, 59th Legislature, 1965, neither enlarges nor diminishes the duty of the Comptroller to furnish copies to the Attorney General of rules and regulations, since rules and regulations are not "legal opinions." The Comptroller is required to continue furnishing copies of all rules, regulations, or other documents which specific statutes require him to furnish to the Attorney General for his approval or otherwise. Other documents should be furnished the Attorney General only if they fall within the definition of "legal opinion" as defined in this opinion. The Comptroller is not required to furnish copies of the foregoing if they merely relate a ministerial decision or recite the facts of the case.

Very truly yours,

WAGGONER CARR
Attorney General

By

Wade Anderson
Assistant

WA:ra:ml

Hon. Robert S. Calvert, page 4 (C-502)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
Malcolm Quick
Dean Arrington

APPROVED FOR THE ATTORNEY
By:  T. B. Wright