**Cecilio CARREON, Appellant,**

v.

**McDONOUGH BROTHERS, INC., Appellee.**

**No. 16777.**

Court of Civil Appeals of Texas, San Antonio.

July 6, 1981.

Blas Delgado, San Antonio, for appellant.

Michael R. Hedges, San Antonio, for appellee.

OPINION

CADENA, Chief Justice.

Appellant, Cecilio Carreon, tendered the statement of facts to the Clerk of this Court thirty days late. The Clerk notified appellant of the fact that the instrument had not been filed within the time specified by Rule 386, Tex.R.Civ.P. (1980), but that since timely filing could no longer be considered a prerequisite to acceptance and filing of the instrument, the statement of facts had been filed. In this letter the Clerk added that the statement of facts did not comply with the order of the Supreme Court, dated July 11, 1977, effective January 1, 1978, relating to preparation of the statement of facts.

Two days later appellant filed his motion for extension of time to file the statement of facts. In this unverified motion appellant stated that the statement of facts was "not in proper format" and "not in conformance with" Rule 377(h). The motion for extension of time was denied and appellant was ordered to show cause why the statement of facts should not be disregarded. The motion for extension of time was not filed within the time prescribed by Rule 21c.

In his response to the order to show cause appellant alleged that the court reporter "shares an office with another" and that it was difficult to locate the court reporter; that appellant's attorney had requested the

reporter "inform him upon completion" of the instrument; and that it was not until 29 days after the filing deadline that appellant's "attorney located the Court reporter."

█ The statement of facts filed thirty days late consists of 87 lines, plus the caption and preliminary recitals. The reporter is the official reporter of the court which heard the case. Reasonable diligence certainly would have resulted in the location of the court reporter before the 89 days which, according to appellant, were spent in fruitless search. The fact that the court reporter shared "an office with another" is not a reasonable explanation of appellant's failure to contact the reporter. Apparently, the statement of facts was not requested, orally or by mail, until 89 days after the judgment was signed. In any event, there is no explanation for appellant's failure, while he was attempting to locate the court reporter who, presumably, would occasionally be present in the court to which he is assigned, to comply with the rule concerning the time within which a motion for extension of time must be filed.

We conclude that appellant has failed to show good cause why the statement of facts tardily filed in this case should not be disregarded.

█ Because of the uncertainty as to whether the statement of facts would be considered by this Court, it is clear that appellant could not intelligently proceed with the preparation of his brief. Under the circumstances, appellant will be allowed to file a brief on or before 5:00 p. m., August 5, 1981. The statement of facts will not be considered by this Court.