**Paul O. WILLS, Appellant,**

v.

**Mozelle (Wills) GREEN, Appellee.**

**No. 10–81–013–CV.**

Court of Appeals of Texas,
Waco.

April 22, 1982.

George E. Shaffer, Shaffer & Jones, Waco, for appellant.

Robert F. Salter, Gatesville, for appellee.

OPINION

CHASE, Justice.

Appellee acquired a small tract of land in Hill County prior to her marriage to appellant. After marriage they built a house on the property. They were subsequently divorced but the decree of divorce did not dispose of the tract of land.

Appellee brings this suit for partition. Appellant answered and filed a cross action alleging title to the tract by adverse possession under the 10 year statute.

After trial to the court judgment was entered finding, among other things, that the tract of land was the separate property of appellee[1] and ordered it sold with the proceeds to be returned into the registry of the court "pending a further determination of the proportional interests of the parties in the proceeds of the sale."

The statement of facts was due in this court September 8, 1981, Tex.R.Civ.P. 386; but was not filed until September 17, 1981. No extension of time was requested pursuant to Tex.R.Civ.P. 21c.

Appellee filed a motion to deny consideration of the statement of facts which was granted by this court. Thus, the statement of facts will not be considered in disposing of the issues raised. Tex.R.Civ.P. 386; *Carreon v. McDonough Brothers, Inc.*, 621 S.W.2d 440, 441 (Tex.Civ.App.—San Antonio 1981, no writ). We can look only to the transcript for errors.

Appellant's first point asserts the trial court erred in ordering a receiver to be appointed to sell the property because appellant had perfected title to the property by adverse possession. The record is silent except for the court's finding, and that will not be disturbed on appeal since we must assume it was supported by evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 662 (1951); *Taylor v. Phillips Petroleum Co.*, 295 S.W.2d 738, 744 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.). Resort to the statement of facts would be necessary in order to determine the merit of this contention; thus, we decline to decide this issue. *Home Fund, Inc. v. Garland*, 520 S.W.2d 939, 944 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.).

The second point asserts the trial court erred in ordering a sale of the property without having received evidence sufficient to ascertain what fractional interests, if any, the parties were entitled to. Tex.R.Civ.P. 770 which governs the disposition of property incapable of partition does not require the court to determine the interests before the sale is made. The rule states that when a sale is to be made through a receiver, the proceeds are to be returned into court and partitioned among the persons entitled to the proceeds according to their respective interests.

The judgment of the trial court is affirmed.

---

1. Appellant had not acquired title by adverse possession.